In the
United States Court of Appeals
For the Seventh Circuit

No. 00-8010

James R. Ahrenholz,

Plaintiff-Appellee/Respondent,

v.

Board of Trustees of the University of Illinois,

Defendant-Appellant/Petitioner.

Appeal from the United States District Court
for the Central District of Illinois.
No. 98 C 2074--Michael P. McCuskey, Judge.

Submitted May 3, 2000--Decided July 18, 2000

 Before Posner, Chief Judge, and Easterbrook and Diane
P. Wood, Circuit Judges.

 Posner, Chief Judge.  Since the beginning of 1999,
this court has received 31 petitions for
interlocutory appeal under 28 U.S.C. sec. 1292(b)
and has granted only six of them. The majority
have been denied or dismissed for jurisdictional
reasons but seven have been denied even though
the district judge had certified that the order
sought to be appealed "involves a controlling
question of law as to which there is substantial
ground for difference of opinion and that an
immediate appeal from the order may materially
advance the ultimate termination of the
litigation," which is the statutory standard.
Although the standard is the same for the
district court and for us, some disagreement in
its application is to be expected. In several
cases, however, including this one, we have been
unsure whether the district court was using the
correct standard. Because on the one hand merely
the filing of a section 1292(b) petition tends to
delay the litigation in the district court even
though the filing does not cause the litigation
to be stayed, and on the other hand the denial of
the petition may cause the litigation to be
unnecessarily protracted, we think it may be
useful to remind the district judges of this
circuit of the importance of the careful
application of the statutory test.

There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a reasonable time after the order sought to be appealed. Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc., 202 F.3d 957, 958 (7th Cir. 2000). (The statute requires the petition to be filed in this court within 10 days of the district court's 1292(b) order, but there is no statutory deadline for the filing of the petition in the district court.) Unless all these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b). To do so in such circumstances is merely to waste our time and delay the litigation in the district court, since the proceeding in that court normally grinds to a halt as soon as the judge certifies an order in the case for an immediate appeal.

The criteria, unfortunately, are not as crystalline as they might be, as shown by this case, a suit against university officials by a former employee of a public university, contending that the defendants effected his termination in retaliation for his exercise of his First Amendment right of free speech. The district judge denied summary judgment on the ground that the plaintiff had established a prima facie case of retaliation. He then certified this denial for an immediate appeal under section 1292(b). He recited the statutory standard but did not explain how its criteria were satisfied, except the last--that if the defendants were entitled to summary judgment, granting summary judgment now would bring the suit to an immediate end. The criteria are conjunctive, not disjunctive. "The federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court." Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 631 (2d Cir. 1991). The defendants' petition to us for permission to take an immediate appeal does not deign to discuss the statutory criteria; it merely reargues the case for summary judgment.

Formally, an appeal from the grant or denial of summary judgment presents a question of law (namely whether the opponent of the motion has raised a genuine issue of material fact), which if dispositive is controlling; and often there is room for a difference of opinion. So it might seem that the statutory criteria for an immediate appeal would be satisfied in every case in which

summary judgment was denied on a nonobvious ground. But that cannot be right. Section 1292(b) was not intended to make denials of summary judgment routinely appealable, see Williamson v. UNUM Life Ins. Co., 160 F.3d 1247, 1251 (9th Cir. 1998); Harriscom Svenska AB v. Harris Corp., supra, 947 F.2d at 631; Chappell & Co. v. Frankel, 367 F.2d 197, 200 n. 4 (2d Cir. 1966), which is the implication of the district court's certification and of the defendants' petition in this court. A denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable.

We think "question of law" as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to the question whether the party opposing summary judgment had raised a genuine issue of material fact. See, besides the cases cited in the previous paragraph, In re Hamilton, 122 F.3d 13 (7th Cir. 1997); S.B.L. by T.B. v. Evans, 80 F.3d 307, 311 (8th Cir. 1996); Palandjian v. Pahlavi, 782 F.2d 313 (1st Cir. 1986) (per curiam). We also think, here recurring to our recent order denying permission to take a section 1292(b) appeal in Downey v. State Farm Fire & Casualty Co., No. 00-8009, May 18, 2000, that the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind either. Cf. Williamson v. UNUM Life Ins. Co., supra, 160 F.3d at 1251; Harriscom Svenska AB v. Harris Corp., supra, 947 F.2d at 631; United States Rubber Co. v. Wright, 359 F.2d 784 (9th Cir. 1966) (per curiam). We think they used "question of law" in much the same way a lay person might, as referring to a "pure" question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case. (Similar considerations have shaped the scope of interlocutory appeal from orders denying immunity defenses. See Johnson v. Jones, 515 U.S. 304, 317 (1995).) But to decide whether summary judgment was properly granted requires hunting through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there; and to decide a question of contract interpretation may require immersion in what may be a long, detailed, and obscure contract, as in Downey, which involved a contract of flood insurance.

It is equally important, however, to emphasize the duty of the district court and of our court as well to allow an immediate appeal to be taken when the statutory criteria are met, as in our recent case of United Airlines, Inc. v. Mesa Airlines, Inc., No. 00-1110, 2000 WL 898694 (7th Cir. July 5, 2000), where we took a section 1292(b) appeal to decide whether federal law preempts state business-tort law in suits between air carriers over routes and rates of service. That was an abstract issue of law, timely sought to be appealed under section 1292(b), resolution of which could (because it was indeed a controlling issue) head off protracted, costly litigation; and because it was an abstract issue of law, it was suitable for determination by an appellate court without a trial record.

To summarize, district judges should use section 1292(b) when it should be used, avoid it when it should be avoided, and remember that "question of law" means an abstract legal issue rather than an issue of whether summary judgment should be granted. The present case, like Downey, is unsuitable for appeal under section 1292(b) because it does not present an abstract legal issue, and the petition for permission to take such an appeal is therefore

Denied.