In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2503

James E. Davis,

Plaintiff-Appellee,

v.

Byron Streekstra and Randy Olesen,

Defendants-Appellants.


Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 98-C-305--Lynn Adelman, Judge.


No. 00-2577

Floyd R. Romatowski,

Plaintiff-Appellee,

v.

Roman Kaplan,

Defendant-Appellant.


Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 98-C-518--Lynn Adelman, Judge.


Submitted August 23, 2000--Decided September 7, 2000


  Before Easterbrook, Manion, and Diane P. Wood, Circuit
Judges.

  Easterbrook, Circuit Judge.  "No action shall be
brought with respect to prison conditions . . .
by a prisoner confined in any jail, prison, or
other correctional facility until such
administrative remedies as are available are
exhausted." 42 U.S.C. sec.1997e(a). Three courts
of appeals have held that this law, part of the
Prison Litigation Reform Act, does not require
exhaustion when a prisoner seeks financial relief
and the prison's internal grievance system does

not award money damages. Whitley v. Hunt, 158 F.3d 882, 886-87 (5th Cir. 1998); Lunsford v. Jumao-As, 155 F.3d 1178 (9th Cir. 1998); Garrett v. Hawk, 127 F.3d 1263, 1266 (10th Cir. 1997). These courts reason that remedies are unavailable when the prisoner wants a form of relief that administrators never provide. Three circuits disagree and hold that exhaustion is required no matter what remedy the prisoner seeks, and no matter what remedies the administrative process affords. Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000); Wyatt v. Leonard, 193 F.3d 876 (6th Cir. 1999); Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998). These circuits conclude that, if the administrative process holds out a prospect of some remedy, prisoners cannot take a shortcut to court by insisting on a different kind of relief. This circuit has agreed with the latter group when the conditions about which the prisoners complain still exist--for then the prison could afford relief in kind, even if not in cash, and could alter the conditions of which the prisoner complains; both steps could affect the amount of damages if any turn out to be required--but has reserved the question whether exhaustion is required if the injury lies wholly in the past, and no relief other than money is conceivable. Perez v. Wisconsin Department of Corrections, 182 F.3d 532, 536-37 (7th Cir. 1999). In the two cases now on appeal the district court resolved, in favor of the no-exhaustion view, the question reserved in Perez. (It did not embrace the view, accepted by Nussle v. Willette, 2000 U.S. App. Lexis 21431 (2d Cir. Aug. 24, 2000), that sec.1997e(a) does not apply to claims of injury from transient events, no matter what remedies the administrative process employs. But see 18 U.S.C. sec.3626(g)(2) (another part of the PLRA defining "prison conditions" as including "the effects of actions by government officials on the lives of persons confined in prison", and McCarthy v. Bronson, 500 U.S. 136 (1991), holding that claims arising from medical treatment concern "prison conditions" for purposes of 28 U.S.C. sec.636(b)(1)(B).) Defendants have appealed, asking us to side with Nyhuis, Wyatt, and Alexander.

What the defendants want us to review, however, is an abstract question of law, not the outcome of the prisoners' suits. Defendants appealed as soon as the district judge denied their motions to dismiss. Denial of a motion to dismiss, like denial of summary judgment, is a classic interlocutory order. All it does is require the litigation to continue. Such an order might be appropriate for certification under 28 U.S.C. sec.1292(b), see Ahrenholz v. University of Illinois, No. 00-8010 (7th Cir. July 18, 2000), which was the route apparently employed in

Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999). But defendants did not seek the district court's leave under sec.1292(b) or ours under Fed. R. App. P. 5; they claim a legal entitlement to an immediate appellate decision, contending that every denial of a motion to dismiss based on sec.1997e(a) is a "final decision" under the collateral-order doctrine. See Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949).

   As a rule, appeal must await the terminating order--the decision that "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Van Cauwenberghe v. Biard, 486 U.S. 517, 521-22 (1988), quoting from Catlin v. United States, 324 U.S. 229, 233 (1945). That time lies ahead for these suits. The district court's order means only that the litigation will continue. Litigants may not appeal with respect to each decision in a case but must await the outcome; then they may contest each of the many forks on the road to final decision. Cohen identifies a set of situations in which something short of the bottom line is a "final decision": orders that "are conclusive, . . . resolve important questions separate from the merits, and . . . are effectively unreviewable on appeal from the final judgment in the underlying action." Swint v. Chambers County Commission, 514 U.S. 35, 42 (1995). See also, e.g., Cunningham v. Hamilton County, 527 U.S. 198 (1999); Digital Equipment Corp. v. Desktop Direct, Inc., 511 U.S. 863 (1994). Defendants tell us that the district court's decision concerning exhaustion is "conclusive," that the subject is "important" (as the conflict among the circuits demonstrates), that exhaustion is "separate from the merits," and that their entitlement to be free from litigation until administrative remedies are over is "effectively unreviewable on appeal from the final judgment in the underlying action." We grant the first three points, but not the fourth. Arguments based on sec.1997e(a) may be resolved on appeal from the final judgment--just as they were in Perez and the other eight cases cited in this opinion's first paragraph. If the plaintiff was required to exhaust yet failed to do so, the appellate court will hold that the suit must be dismissed without prejudice. Defendants thus are freed of any adverse decision by the district court, and if they prevailed on the merits in the district court a remand for dismissal under sec.1997e(a) eliminates any risk of an adverse decision on the merits by the court of appeals (or the Supreme Court).

   Defendants want us to think of sec.1997e(a) as establishing a right not simply to prevail but also to be free from litigation, along the lines

of double jeopardy, see Abney v. United States, 431 U.S. 651 (1977), absolute or qualified immunity from suit, see Helstoski v. Meanor, 442 U.S. 500 (1979); Nixon v. Fitzgerald, 457 U.S. 731 (1982); Mitchell v. Forsyth, 472 U.S. 511 (1985); and sovereign immunity under the eleventh amendment, see Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993). If this is the right way to conceive an exhaustion requirement, then public officials have been asleep at the switch for decades, for the United States Code is chock full of exhaustion rules (think not only of exhaustion required before a prisoner initiates a collateral attack but also of administrative exhaustion before suit under the Administrative Procedure Act, employment-discrimination laws, the Federal Tort Claims Act, and comparable statutes). None of these has led to a recognized right of immediate appeal. So clear is this that, until now, no court of appeals has been required to deal in a published opinion with a contention that rejection of an exhaustion argument is immediately appealable. Silence of the reporters is unsurprising, because the issue is simple. Exhaustion requirements do not create absolute (or even qualified) rights to be free from litigation. Assuredly they affect the timing of litigation, and if the administrative claim produces all of the relief the applicant requested they may prevent suit from occurring, but they do not create a "right not to be sued."

True enough, an error by the district court in denying a motion based on sec.1997e(a) may require the claim to be tried twice, but one could say the same whenever a district court makes a legal ruling that affects how the case proceeds. Litigants might as well argue that they can appeal from any order denying summary judgment, because erroneous denial of such a motion subjects the parties to costs that could have been avoided had the case been terminated earlier. Attorneys' fees usually can't be recouped after a court of appeals decides that the case should have come to an earlier end (or, worse, must be tried a second time to correct a legal error that infected the first proceedings). Actually, litigants have made such arguments, and without success. The Supreme Court held in United States v. Hollywood Motor Car Co., 458 U.S. 263, 269 (1982), that there is a "crucial distinction between a right not to be tried and a right whose remedy requires the dismissal of [the suit]." The former right supports appeals under the collateral-order doctrine, the latter does not. See also Midland Asphalt Corp. v. United States, 489 U.S. 794 (1989); United States v. MacDonald, 435 U.S. 850 (1978).

Van Cauwenberghe holds that orders rejecting defendants' claims of immunity from civil process, and of forum non conveniens, are not appealable as collateral orders. Lauro Lines S.R.L. v. Chasser, 490 U.S. 495 (1989), adds that an order rejecting a motion to dismiss based on a forum-selection agreement is not immediately appealable. Errors by district judges in cases such as Lauro Lines and Van Cauwenberghe may lead to litigation in the wrong place at the wrong time, producing unnecessary expense and delay when a court of appeals later vacates the judgment and directs that litigation occur somewhere else. All this the Justices recognized, but they held that such expenses differ conceptually from immunity and thus do not support appeal under the collateral-order doctrine. Just so with invocation of an exhaustion requirement. Our defendants assert that the right forum for plaintiffs' claims is administrative rather than judicial, just as the defendants in Lauro Lines and Van Cauwenberghe asserted that the right forum was elsewhere. If the decisions in Lauro Lines and Van Cauwenberghe were not immediately appealable, neither are the decisions at issue here.

The appeals are dismissed for want of jurisdiction.