**Eugene E. WELLS, Plaintiff,**

v.

**Captain George PAYNE, Defendant.**

**No. 3:00–CV–0194 AS.**

United States District Court,
N.D. Indiana,
South Bend Division.

Sept. 18, 2000.

Eugene E. Wells, pro se.

Michael R. McLaughlin, Indiana Atty. Gen., Indianapolis, IN, for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

Eugene Wells, an Indiana prisoner confined at the Maximum Control Facility, submitted a complaint under 42 U.S.C. § 1983, alleging that Correctional Captain George Payne violated the Eighth Amendment's prohibition against cruel and unusual punishments by using excessive force on him without justification on March 10, 2000. Mr. Wells asserts that Captain Payne beat him while interrogating him about allegedly fraternizing with a female officer. The defendant has filed a motion to dismiss, asserting that Mr. Wells's claim is barred by the operation of 42 U.S.C. § 1997e(a), which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Although the Indiana Department of Correction ("IDOC") has implemented a prisoner grievance procedure, Mr. Wells admitted, in his complaint, that he did not file a grievance on his claim against Captain Payne. In his response to Captain Payne's motion to dismiss, Mr. Wells asserts that § 1997(e)(a) only applies to "conditions of confinement," and that Captain Payne's allegedly excessive use of force did not constitute a prison condition. But 18 U.S.C. § 3626(g)(2), which along with § 1997e(a) was part of the Prison Litigation Reform Act, defines "prison conditions" as including "conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison." A claim of excessive use of force by a prison official constitutes a prison condition within the meaning of § 6626(g)(2).

Mr. Wells also states that while he did not file a formal grievance, he reported his injuries to medical staff members and told them Captain Payne had inflicted the injuries on him. He also states that he reported the assault to another correctional captain. Mr. Wells argues that prison employees who become aware that a correctional officer used excessive force on an inmate should report it to their superiors, so Captain Payne's superiors were on constructive notice of his claims. But § 1997e(a) requires a prisoner to exhaust available administrative remedies before filing suit, and to the extent that the grievance procedure constituted an available administrative remedy, Mr. Wells must have exhausted it prior to filing this case.

■ Finally, Mr. Wells asserts that the IDOC grievance procedure is not an "available" administrative remedy because it deals with a past event for which damages are the only remedy. Mr. Wells argues that exhaustion is unnecessary when a prisoner seeks monetary damages but such relief is not available from the administrative grievance procedure.

Three courts of appeals have agreed with Mr. Wells, holding that § 1997e(a) does not require exhaustion when the administrative process does not award money damages. *Whitley v. Hunt*, 158 F.3d 882, 886–87 (5th Cir.1998); *Lunsford v. Jumao–As*, 155 F.3d 1178 (9th Cir.1998); *Garrett v. Hawk*, 127 F.3d 1263, 1266 (10th Cir.1997). Three other circuits have concluded that § 1997e(a) requires exhaustion no matter what remedy the prisoner seeks, and no matter what remedies the prison's internal grievance procedure affords. *Nyhuis v. Reno*, 204 F.3d 65 (3d Cir.2000); *Wyatt v. Leonard*, 193 F.3d 876 (6th Cir. 1999); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir.1998). In *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir.1999), the United States Court of Appeals for the Seventh Circuit "agreed with the later group when the conditions about which the prisoners complain still exist—for then the prison could afford relief in kind, even if not in cash, and could alter the conditions of which the prisoner complains; both steps could effect the amount of damages if any turn out to be required—but has reserved the question whether exhaustion is required if the inju-

ry lies wholly in the past and no relief other than money is conceivable." *Davis v. Streekstra,* 227 F.3d. 759, 761 (7th Cir. 2000), *citing Perez v. Wisconsin Department of Corrections,* 182 F.3d at 536–37.

In the two cases dealt with by the Seventh Circuit in *Davis v. Streekstra,* "the district court resolved, in favor of the no-exhaustion view, the question reserved in *Perez.*" *Davis v. Streekstra,* 227 F.3d. at 761. The Seventh Circuit did not reach the merits of this question in *Davis v. Streekstra* because it concluded that the orders denying the prison officials' motions to dismiss based on § 1997e(a) were non-appealable interlocutory orders.

 Mr. Wells alleges that on one occasion, a correctional officer used excessive use of force on him. The defendant does not argue that there is any relief Mr. Wells could receive through the administrative appeals process for this incident. This court believes that the result reached by the Wisconsin district court in *Davis v. Streekstra* is a common sense approach that preserves the values of § 1997a(e) and *Perez v Wisconsin Department of Corrections,* by requiring prisoners to present their claims to prison officials where there is a chance that they might obtain any beneficial relief, but not mandating it where no relief is available and exhaustion would be a useless act wasting the time of both prisoners and prison officials.

For the foregoing reasons, the court **DENIES** the defendant's motion to dismiss [docket # 17].

**IT IS SO ORDERED.**