### KEYSTONE TOBACCO CO, INC., Plaintiff,

v.

### UNITED STATES TOBACCO CO., et al., Defendants.

### Mutual Wholesale Services, Inc., Plaintiffs,

v.

### United States Tobacco Co., et al., Defendants.

### Nos. CIV.A. 00–1415(PLF), CIV.A. 00–1454(PLF).

United States District Court, District of Columbia.

Aug. 22, 2003.

**236**

Michael David Hausfeld, Paul T. Gallagher, Brent William Landau, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, DC, Steven A. Kanner, Much, Shelist, Freed, Denenberg & Ament, P.C., Chicago, IL, for plaintiff.

Robert Stephen Bennett, Gary Alan MacDonald, Rachel A. Mariner, James A. Keyte, Chris T. Athanasia, Karen M. Hoffman, Skadden, Arps, Slate, Meagher & Flom, LLP, Margaret Moran Zwisler, Neal R. Stoll, Skadden, Arps, Slate, Meagher & Flom, LLP, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

FRIEDMAN, District Judge.

This matter comes before the Court for consideration of plaintiffs' Motion for Modification of the Court's December 6, 2002 Order Relating to Plaintiffs' Emergency Motion to Preclude Settlement Discussions with Individual Plaintiffs or, Alternatively, for Certification of Interlocutory Appeal. Upon careful consideration of the parties' positions, the Court denies plaintiffs' motion.

On December 6, 2002, the Court issued an Opinion and Order denying Plaintiffs' Emergency Motion to Preclude Settlement Discussions with Individual Plaintiffs. *See Keystone Tobacco Co., Inc. v. United States Tobacco Co.,* 238 F.Supp.2d 151 (D.D.C. 2002) ("*Keystone* Opinion" or "Order"). In their emergency motion, plaintiffs asserted that the defendants in this action (collectively, "UST") sought to take advantage of the interim period between the oral argument of the class certification motion and the Court's decision on that motion to improperly approach individual putative class members in an attempt to settle the case with as many direct purchasers as possible before certification. Specifically, they argued that defendants offered insufficient consideration for their proposed settlements and that they provided incomplete, inaccurate and misleading information in their communications.[1] Upon careful consideration of the

---

1. A more complete description of the allegations in plaintiffs' complaint and the factual circumstances relevant to plaintiffs' emergency motion is available in the *Keystone* Opinion itself. *See Keystone Tobacco Co., Inc. v. United States Tobacco Co.,* 238 F.Supp.2d at 152–54.

briefs filed and the evidentiary material submitted by both parties regarding the communications at issue, the Court concluded that plaintiffs had not presented "a 'clear record' of abuses that would justify precluding settlement discussions with direct purchasers." *Keystone Tobacco Co., Inc. v. United States Tobacco Co.*, 238 F.Supp.2d at 159.

A. *Plaintiffs' Motion for Reconsideration*

Although plaintiffs characterize the instant motion as a motion for modification, it is in fact a motion for reconsideration of an interlocutory order. Reconsiderations of interlocutory orders "are within the discretion of the trial court" and are "therefore subject to the complete power of the court rendering them to afford such relief from them as justice requires." *Citibank (South Dakota), N.A. v. Federal Deposit Insurance Corp.*, 857 F.Supp. 976, 981 (D.D.C.1994). This discretion to reconsider interlocutory orders is tempered somewhat by the "Supreme Court's [admonition] that 'courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.'" *In re: Vitamins Antitrust Litigation*, Misc. No. 99–0197, 2000 U.S. Dist. LEXIS 11350, at *18 (D.D.C. July 28, 2000) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 807, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)) (additional internal quotation and citation omitted). In the interests of finality, then, the Court generally will grant a motion for reconsideration of an interlocutory order "only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available;

or (3) a clear error of law in the first order." *In re: Vitamins Antitrust Litigation*, 2000 U.S. Dist. LEXIS 11350, at *18 (internal citation and quotation omitted). In their motion, plaintiffs do not assert that there has been an intervening change in the law or a discovery of new evidence not previously available. They therefore must show that there was a "clear error of law" in the *Keystone* Opinion in order to succeed in their reconsideration effort. *See In re: Vitamins Antitrust Litigation*, 2000 U.S. Dist. LEXIS 11350, at *18.

Plaintiffs assert that the Court should reconsider three specific conclusions announced in the *Keystone* Opinion. First, plaintiffs challenge the Court's decision to refrain from evaluating the adequacy of the consideration offered. *See* Memorandum of Points and Authorities in Support of Motion for Modification of the Court's December 6, 2002 Order Relating to Plaintiffs' Emergency Motion to Preclude Settlement Discussions with Individual Plaintiffs or, Alternatively, for Certification of Interlocutory Appeal ("Pls.' Mem.") at 2–3. The Court carefully considered this same issue in its original Opinion. *See Keystone Tobacco Co., Inc. v. United States Tobacco Co.*, 238 F.Supp.2d at 155–56.[2] Plaintiffs have not offered any new compelling support for their original position and cannot demonstrate a clear error of law merely by repeating arguments they asserted in their original briefs. *See In re: Vitamins Antitrust Litigation*, 2000 U.S. Dist. LEXIS 11350, at *19–20.

Second, plaintiffs assert that the Court erred in finding that the *General Motors* three-pronged test was satisfied in this case. *See* Pls.' Mem. at 4–6.[3] Specifically, plain-

---

**2.** In summary, the Court determined that to the extent the *General Motors* opinion addresses the need to evaluate consideration, it is only in those circumstances in which the amount offered is "so unrealistically low that the consideration itself tends to mislead class members about the strength and extent of their claims." *In re General Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1140, n. 60 (7th Cir.1979). Having found that the putative class members were not misled by the settlement offer, the Court had no need to evaluate the actual consideration offered. *See Keystone Tobacco Co., Inc. v. United States Tobacco Co.*, 238 F.Supp.2d at 155–56. Furthermore, even if the Court had conducted such an

analysis, the Court would not have evaluated the value of the consideration in the manner in which plaintiffs suggest. Instead, the Court would "need only find that the proposed exchange provides each individual class member with a meaningful opportunity to obtain satisfaction of his claim." *In re General Motors Corp. Engine Interchange Litig.*, 594 F.2d at 1140, n. 60.

**3.** In *General Motors*, the Seventh Circuit held: "[A]n offer to settle [made to individual class members] should contain sufficient information to enable a class member to determine (1) wheth-

tiffs contend that the settlement materials offered to the putative class members did not represent accurately the "planned discount" reduction aspect of the settlement offer, and that the direct purchasers therefore did not receive sufficient information to assess the settlement. Again, plaintiffs challenged the sufficiency of the settlement materials provided to the putative class members in their emergency motion, and the Court concluded after an extensive review of the materials at issue that the putative class members had not been misled or provided inaccurate information and therefore would be able to determine the value of this feature of the settlement offer. *See Keystone Tobacco Co., Inc. v. United States Tobacco Co.*, 238 F.Supp.2d at 155–56. Plaintiffs have not offered any additional factual or legal basis that affects the Court's consideration of the settlement materials. Nor have they demonstrated that the Court's careful analysis was a clear error of law.

■ Third, plaintiffs challenge a specific provision of the Court's Order that directed defendants to distribute the complaint to all putative class members and to extend the time within which the direct purchasers could accept or reject the settlement offer to ensure that the putative class members had access to the pleadings and to plaintiffs' counsel before being required to respond. *See* Pls.' Mem. at 6–7. The Order also allowed those direct purchasers that had already entered into settlements with defendants to withdraw from their agreement without penalty upon review of the complaint. *See Keystone Tobacco Co., Inc. v. United States Tobacco Co.*, 238 F.Supp.2d at 160. Plaintiffs charge that this provision of the Court's order "impermissibly converts Plaintiffs' Rule 23(b) opt-out class into an opt-in class." Pls.' Mem. at 6. The Court rejects this argument. The Order by no means required any additional act on the part of any putative class members in order to maintain their standing as putative plaintiffs in the first instance. Instead, this provision of the Order afforded an *additional*

opportunity for putative class members upon fuller consideration of the materials plaintiffs thought relevant, particularly the complaint plaintiffs had filed, to participate in the class action after already having opted-out. Accordingly, the Court denies the portion of plaintiffs' motion requesting reconsideration of the *Keystone* Opinion.

### B. *Plaintiffs' Motion for Certification of an Interlocutory Appeal*

■ Plaintiffs next argue that should the Court deny their motion for reconsideration, the immediate certification of an interlocutory appeal of the *Keystone* Opinion is appropriate. Under the relevant statute, the Court may grant a party's motion to permit an appeal of an interlocutory order when the Court certifies that the Order involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Sweeney v. American Registry of Pathologists*, Civil Action No. 00–2390, Memorandum Opinion at 1–2 (D.D.C. Oct. 31, 2002) (Memorandum Opinion and Order denying interlocutory appeal). As the Court previously has stated, "appeals under 28 U.S.C. § 1292(b) are rarely allowed," and plaintiffs bear the "burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *First American Corp. v. Al–Nahyan*, 948 F.Supp. 1107, 1116 (D.D.C.1996) (internal quotation and citations omitted). Because plaintiffs have not satisfied the three requisites for certification of an interlocutory appeal, the Court denies the request.

First, the Court notes that the question at the heart of the *Keystone* Opinion and Order was one of fact, and not of law, as demonstrated by the extent to which the Court relied in making its decision on the settlement materials themselves and the affidavits submitted by plaintiffs and defendants.

er to accept the offer to settle, (2) the effects of settling, and (3) the available avenues for pursuing his claim if he does not settle.... [J]udicial examination of the offer to settle individual

claims largely entails only consideration of the accuracy and completeness of the disclosure." *In re General Motors Corp. Engine Interchange Litig.*, 594 F.2d at 1139.

Where the crux of an issue decided by the Court is fact-dependant, the Court has not decided "a controlling question of law" justifying immediate appeal; certification of the underlying legal question could only result in the court of appeals improperly wading into the factual pond of an ongoing matter. *See* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3930 at 427 (2d ed. 1992) ("There is indeed no reason to suppose that interlocutory appeals are to be certified for the purpose of inflicting upon courts of appeals an unaccustomed and ill-suited role as factfinders."); *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 677 (7th Cir.2000) ("The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case.").

Second, to the extent that plaintiffs are asserting that a controlling question of law exists that would justify an immediate appeal, plaintiffs do not dispute that the *General Motors* standard is the appropriate standard, nor do they offer an alternative standard. Instead, plaintiffs assert that the Court applied the standard incorrectly. This is not sufficient to meet the requirements of Section 1292(b). *See In re: Vitamins Antitrust Litigation*, 2000 U.S. Dist. LEXIS 11350, at *32 (no certification of interlocutory appeal where movants offered no authority demonstrating substantial ground for difference of opinion other than their disagreement with court's decision). The fact that this Circuit has not yet articulated a standard by which communications with putative class members should be evaluated for possible misconduct does not convince the Court otherwise. *See First American Corp. v. Al-Nahyan*, 948 F.Supp. at 1117 ("[M]ere lack of authority on a disputed issue ... [does not] necessarily establish [a] substan-

tial ground for a difference of opinion under the statute.") (internal quotation omitted).

■ Third, plaintiffs assert that "immediate appeal would materially affect the parties' approaches to settlement and trial, given what is likely to be UST's increased willingness to prolong litigation if the class has fewer members." Pls.' Mem. at 8. A possible impact on case strategy, however, is too intangible a repercussion on the progress of a case to justify certification of an interlocutory appeal. Having concluded that plaintiffs have failed to satisfy the requirements of Section 1292(b), the Court denies plaintiffs' request for certification of an interlocutory appeal.[4]

Accordingly, it is hereby ORDERED that plaintiffs' Motion for Modification of the Court's December 6, 2002 Order Relating to Plaintiffs' Emergency Motion to Preclude Settlement Discussions with Individual Plaintiffs or, Alternatively, for Certification of Interlocutory Appeal [67–1] is DENIED.

SO ORDERED.

---

4. In so concluding, the Court declines to accept plaintiffs' invitation to consider their motion for certification under the "collateral order" doctrine. *See* Pls.' Mem. at 8–9. Defendants are correct that this doctrine concerns appellate jurisdiction in the first instance, providing the standard by which the court of appeals deter-

mines whether to hear an appeal of an interlocutory order pursuant to Section 1291. Such analysis takes place only in the court of appeals and is wholly distinct from this Court's evaluation of plaintiffs' motion for Section 1292(b) certification. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).