**In the Matter of CONTEMPORARY INDUSTRIES CORPORATION, Debtor.**

**Contemporary Industries Corporation and Official Committee of Unsecured Creditors, Plaintiffs–Appellees,**

**v.**

**Terry G. Frost, et al., Defendants–Appellants.**

**No. 8:03CV239.**
**Bankruptcy No. 98–80382.**
**Adversary No. A99–8135.**

United States District Court, D. Nebraska.

July 14, 2004.

Paul Bennett Bran, Dickstein, Shapiro Law Firm, Washington, DC, Robert V.

Ginn, Brashear, Ginn Law Firm, Omaha, NE, Steven C. Turner, T. Randall Wright, Baird, Holm Law Firm, Omaha, NE, for Contemporary Industries, Appellee.

William M. Lamson, Jr., Francis M. Schepers, Lamson, Dugan Law Firm, Omaha, NE, for Daniel J. Kuhl, David T. Cap, Nancy A. Kuhl, Susan A. Cap, Terry G. Frost, Appellants.

## MEMORANDUM AND ORDER

KOPF, Chief Judge.

This matter is before the court for determination of whether an interlocutory appeal should be allowed with respect to the bankruptcy court's partial denial of Defendants' motion for summary judgment. The substantive question that would be presented for review on appeal is whether Plaintiffs' adversary proceeding is time-barred under Debtor's amended bankruptcy plan.[1]

1. The adversary proceeding, which was commenced in the bankruptcy court in December 1999, seeks to recover $26.5 million that Debtor's former shareholders received in December 1995 in connection with a leveraged buy-out transaction. In January 2002 I adopted a report and recommendation of the bankruptcy court and withdrew the reference of the adversary proceeding in order to afford Plaintiffs their right to a jury trial. *See* Case No. 4:01CV618. In April 2002, after learning that the bankruptcy court had not ruled upon Defendants' summary judgment motion, which was filed in September 2001, I returned the adversary proceeding to the bankruptcy court to conduct further pretrial proceedings, including disposition of the summary judgment motion. At the same time, I concluded an appeal in the bankruptcy case regarding the bankruptcy court's denial, in August 2001, of a motion by Plaintiffs to clarify or modify the amended plan to provide that the adversary proceeding was not subject to the plan's 180-day limitation period for certain actions filed on Debtor's behalf. *See* Case No. 4:01CV598. Plaintiffs filed the plan-clarification/modification motion after the bankruptcy court, in February 2001, had dismissed the adversary proceedings for lack of jurisdiction (as being time-barred under the plan) and also on the merits. The dismissal order was set aside in August 2001 when the bankruptcy court concluded that it had erroneously treated a motion to dismiss as a summary judgment motion. After receiving clarification from the bankruptcy court that its denial of Plaintiffs' motion in the bankruptcy case simply resulted from its decision to reinstate the adversary proceeding, and that the denial was intended to be without prejudice, I remanded the matter to the bankruptcy court to make some final ruling.

The parties then agreed to a procedure whereby the bankruptcy court would simultaneously rule on the "180-day" issue as presented by Defendants' summary judgment motion and by Plaintiffs' plan-clarification/modification motion. Such a ruling was made on December 30, 2002, when the bankruptcy court concluded, contrary to its earlier ruling, that the adversary proceeding was not barred by the plan's 180-day limitation period. Defendants filed a motion to alter or amend this ruling. The bankruptcy court denied the motion on June 2, 2003, but clarified

I conclude that Defendants' motion for leave to appeal (filing 3) should be denied.[2] In making this discretionary decision under 28 U.S.C. § 158(a), I have applied the standards that are found in 28 U.S.C. § 1292(b) for certification of interlocutory district court orders for appeal.[3] *See In re Machinery, Inc.,* 275 B.R. 303, 306 (8th Cir. BAP 2002) (same standards typically applied by bankruptcy appellate panel). Certification under section 1292(b) requires that: "(1) the question involved be one of law; (2) the question be controlling; (3) there exists a substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) a finding that an immediate appeal would materially advance the ultimate termination of the litigation." *Id.* However, granting leave to file interlocutory appeals is the exception, not the rule, and such appeals should be granted only where extraordinary circumstances exist which override the general policy against piecemeal litigation, or where ultimate determination of the entire litigation would be advanced. *Matter of Zech,* 185 B.R. 334, 336–37 (D.Neb.1995).

The bankruptcy court's partial denial of Defendants' motion for summary judgment was based upon its interpretation of language in the amended bankruptcy plan, and thus involved the determination of one or more subsidiary questions of law. Specifically, the bankruptcy court determined that the adversary proceeding constitutes "Other Litigation" as defined in section 1.68 of the amended plan, and, as such, is not subject to the 180–day limitation period for bringing "Causes of Action" on behalf of Debtor under section 6.12.1.

"There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment, either for further proceedings or for a dismissal that might have been ordered ...." 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure,* § 3930, at 423–24 (2nd ed.1996). Whether the adversary proceeding should be dismissed as time-barred under the amended plan must be considered a "controlling" question.

Defendants argue that there must also be a substantial ground for difference of opinion on this question because the bankruptcy court had previously determined, in a vacated ruling, that the action was barred by the 180–day limitation period. And, they point out, a reversal of the bankruptcy court's latest determination would bring the case to an immediate end, without any need for discovery or trial.

While Defendants thus make a plausible argument for allowing an appeal from the bankruptcy court's interlocutory order, I

---

that it still intended to consider the remaining issues presented by the summary judgment motion. On June 24, 2003, Defendants filed their motion for leave to appeal the partial denial of the summary judgment motion. On July 8, 2003, the bankruptcy court denied the summary judgment motion in its entirety.

**2.** I also conclude that Plaintiffs' motion to permit filing of answer (filing 9, as supplemented by filing 11) should be granted *instanter.* It appears that the clerk of the bankruptcy court, disregarding Bankruptcy Rule 8003(b), transmitted Defendants' notice of appeal and motion for leave to appeal to this court prior to the expiration of the time allowed for filing an answer.

**3.** While most courts look to § 1292(b) for guidance when considering motions for leave to appeal under § 158(a), a few courts have criticized this approach. *See, e.g., In re Hayes Bankruptcy,* 220 B.R. 57, 59 (N.D.Ia.1998) (observing that nothing in the text of § 158(a) indicates a limit on the district court's discretion, and that since the bankruptcy court is a "unit of the district court" under 28 U.S.C. § 151, the district court may review decisions of the bankruptcy court as freely as it may review its own decisions).

am not persuaded that there are any exceptional circumstances present, or that an interlocutory appeal will not simply prolong a case that already is over three years old. *See White v. Nix,* 43 F.3d 374, 376–78 (8th Cir.1994) (movant bears a heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted).

■ "A denial of a summary judgment motion is a paradigmatic example of an interlocutory order that normally is not appealable." *Ahrenholz v. Board of Trustees of Univ. of Ill.,* 219 F.3d 674, 676 (7th Cir.2000). "Formally, an appeal from the grant or denial of summary judgment presents a question of law (namely whether the opponent of the motion has raised a genuine issue of material fact), which if dispositive is controlling; and often there is room for a difference of opinion. So it might seem that the statutory criteria for an immediate appeal would be satisfied in every case in which summary judgment was denied on a nonobvious ground. But that cannot be right." *Id.*

■ A solution to this apparent dilemma is to limit certifications under § 1292(b), or discretionary appeals under § 158(a), to "pure" questions of law—in other words, to abstract legal issues. As the Seventh Circuit explained in *Ahrenholz:* "We think 'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment has raised a genuine issue of material fact.... We also think, recurring to our recent order denying permission to take a section 1292(b) appeal in *Downey v. State Farm*

*Fire & Casualty Co.,* No. 00–8009 (7th Cir. May 18, 2000), that the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind either.... We think they used 'question of law' in much the same way a lay person might, as referring to a 'pure' question of law rather than merely to an issue that might be free from a factual contest." *Id.,* at 676–77 (citations omitted). *Cf. In re Bank of New England Corp.,* 218 B.R. 643, 653 (1st Cir. BAP 1998) (case-specific legal issues concerning interpretation of contract do not present substantial ground for difference of opinion).

Because Defendants have not identified a legal question that "takes the parties' dispute outside garden variety legal argument," *id.,* I will decline to exercise appellate jurisdiction under § 158(a). While I do not consider this to be an appealable ruling,[4] *see* 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure,* § 3926.2, at 281–82 (2nd ed.1996) (stating that the better view is that the court of appeals cannot direct the district court or appellate panel to grant leave to appeal an interlocutory bankruptcy court order), a judgment will be entered by separate document as part of the court's routine file-closing procedure.

Accordingly,

IT IS ORDERED that:

1. Plaintiffs' motion to permit filing of answer (filing 9, as supplemented by filing 11) is granted *instanter;*

---

4. Nor should my ruling be construed as affirming the bankruptcy court's order in any respect.

2. Defendants' motion for leave to appeal interlocutory orders (filing 3) is denied;

3. The clerk of the court shall provide a copy of this memorandum and order to the bankruptcy court and thereafter shall close this file for statistical purposes; and

4. Judgment shall be entered by separate document.

### JUDGMENT

Pursuant to the court's Memorandum and Order previously filed this date, the court declines to exercise of jurisdiction under 28 U.S.C. § 158(a) to hear an appeal from interlocutory orders of the bankruptcy court. This judgment terminates Case No. 8:03CV239.