ARISTOCRAT LEISURE LIMITED, Plaintiff,

v.

DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee, Defendant,

KBC Financial Products UK Ltd, KBC Alpha Master Fund SPC KBC Convertible Opportunities Fund, KBC Alpha Master Fund SPC KBC Multi–Strategy Arbitrage Fund, Amaranth LLC, Alexandra Global Master Fund, Ltd., UFJ International PLC, Deephaven International Convertible Trading, Ltd., Calamos Advisors LLC on Behalf of Calamos Growth and Income Fund, Calamos Global Growth and Income Fund and Certain Other Institutional Clients, CQS Convertible and Quantitative Strategies Master Fund Ltd., D.E. Shaw Investment Group, LLC, D.E. Shaw Valence International, Inc, and QVT Fund LP, Intervening Defendants.

No. 04 Civ. 10014(PKL).

United States District Court, S.D. New York.

Dec. 14, 2005.

Antonia M. Apps, Kelloss, Huber, Hansen, Todd, Evans & Figel, PLLC, Washington, DC, for Plaintiff.

Evan A. Davis, Cleary Gottlieb Steen & Hamilton LLP, Charles A. Gilman, Cahill Gordon & Reinder LLP, for Defendants.

### MEMORANDUM ORDER

LEISURE, District Judge.

Plaintiff Aristocrat Leisure Limited ("Aristocrat") brought this action seeking reformation of a bond indenture ("Indenture") to correct a scrivener's error and a declaration of plaintiff's immediate right to call the bonds for redemption under the Indenture. In its Opinion and Order dated August 12, 2005 (the "August 12 Opinion and Order"), the Court denied Aristocrat's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, No. 04 Civ. 10014, 2005 WL 1950116 (S.D.N.Y. Aug. 12, 2005). Aristocrat now requests that the Court certify the August 12 Opinion and Order for interlocutory appeal to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. 1292(b). For the reasons stated in this Order, Aristocrat's request is DENIED.

### DISCUSSION

I. *The Standard for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)*

Section 1292(b) provides that a district court may certify an immediate appeal of an interlocutory order if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (2000). If the district court certifies the appeal, the Court of Appeals may, in its discretion, permit an appeal to be taken from that order. *Id.* The Second Circuit has explained that "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir.1996) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)). Interlocutory appeal as provided for in § 1292(b) "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Id.* The Court of Appeals repeatedly has emphasized that a district court is to "exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir.1992); *see also Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir.1990) (noting that "the power [to grant an interlocutory appeal] must be strictly limited to the precise conditions stated in the law.") (quoting *Gottesman v. Gen. Motors Corp.*, 268 F.2d 194, 196 (2d Cir.1959) (internal quotation marks omitted)). "Only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer,*

921 F.2d at 25 (quoting *Coopers & Lybrand,* 437 U.S. at 475, 98 S.Ct. 2454).

### A. *Controlling Question of Law*

■ The facts giving rise to this action are set forth in the Court's August 12 Opinion and Order, with which familiarity is assumed. *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas,* No. 04 Civ. 10014, 2005 WL 1950116 (S.D.N.Y. Aug. 12, 2005). Section 13.01 of the Indenture provides that the intervening defendant bondholders' (the "Bondholders") conversion rights terminate "immediately upon, and simultaneously with, any call by the Issuer for the redemption of the Bonds." *Id.* at *2 (internal quotation marks omitted). Aristocrat argues that the proper definition of the term "call" was the noun definition: "[a] demand for the presentation of a security (esp[ecially] a bond) for redemption before the maturity date." *Id.* at *5 (internal quotation marks omitted). Aristocrat thereby claims that it "called" the bonds for redemption, thus terminating the Bondholders' conversion rights on December 20, 2004 by issuing several demands for redemption. *Id.* However, in its August 12 Order and Opinion, the Court found that the verb definition of "call" was more appropriate: "[t]o redeem (a bond) before maturity." *Id.* (internal quotation marks omitted). Further, the Court found that redemption required Aristocrat to complete a multi-step process that culminates in the surrender of and payment for the bonds, rather than simply to issue a demand for the bonds. *Id.* at *5–6.

■ The meaning of "call" in section 13.01 of the Indenture is, of course, of central importance to this litigation. The Court's definition of "call" in its August 12 Opinion and Order completely bars plaintiff's claim that its December 20, 2004 actions terminated the Bondholders' right to convert. Section 1292(b), however, requires that the meaning of "call" also be a "controlling question of law." While the meaning of a contract generally is considered to be a question of law for the court, a question of contract interpretation typically is not a "controlling question of law" that serves as a basis for interlocutory appeal. *See Catskill Dev., L.L.C. v. Park Place Entm't Corp.,* 206 F.R.D. 78, 94 (S.D.N.Y.2002) ("Differences over contract construction are not the sort of 'controlling question of law' that normally gives rise to interlocutory certification."); *see also Ahrenholz v. Board of Trs. of the Univ. of Illinois,* 219 F.3d 674, 676 (7th Cir.2000) (Posner, J.) (stating that "the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind"); *Power Travel Int'l, Inc. v. Am. Airlines, Inc.,* No. 02 Civ. 7434, 2005 WL 1176072, at *10 (S.D.N.Y. May 19, 2005) ("In regard to the first prong [of the 1292(b) analysis], the 'question of law' must refer to a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.'") (quoting *Ahrenholz,* 219 F.3d at 676–77). The Court sees no reason to depart from this general principle in this instance. In addition, even if the Court were to find that a controlling question of law existed, plaintiff has failed to establish the second and third requirements of § 1292(b).

### B. *Substantial Ground for Difference of Opinion*

■ The second factor that the district court must consider in determining whether to certify an order for interlocutory appeal is whether there exists substantial ground for a difference of opinion with respect to a controlling question of

law. A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion. *See Wausau Bus. Ins. Co. v. Turner Const. Co.*, 151 F.Supp.2d 488, 491 (S.D.N.Y.2001); *N.F.L. Ins. Ltd. v. B & B Holdings, Inc.*, No. 91 Civ. 8580, 1993 WL 255101, at *2 (S.D.N.Y. July 1, 1993) (Leisure, J.). Rather, to satisfy this prerequisite, there must be "substantial doubt" that the district court's order was correct. *N.F.L. Ins.*, 1993 WL 255101, at *2 (quoting S.Rep. No. 85–2434 (1958), *reprinted in* 1958 U.S.C.C.A.N. 5255, 5257); *see also In re Flor*, 79 F.3d 281, 284 (2d Cir.1996). To support its argument that there is substantial ground for a difference of opinion regarding the meaning of the word "call," plaintiff relies on *Page Mill Asset Management v. Credit Suisse First Boston Corp.*, No 98 Civ. 6907, 2000 WL 335557, at *3 (S.D.N.Y. Mar. 30, 2000) (internal quotation marks omitted), in which the court interpreted the word "call" in an indenture as meaning "to make a request or demand." Plaintiff contends that this definition of "call" constitutes conflicting authority that amounts to substantial doubt regarding the correctness of the Court's decision that the proper definition of "call" as used in the Indenture was "[t]o redeem (a bond) before maturity." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, No. 04 Civ. 10014, 2005 WL 1950116, at *5 (S.D.N.Y. Aug. 12, 2005) (internal quotation marks omitted).

The Court is not persuaded. The term "call" has many different meanings in the abstract. It can mean "[t]o redeem (a bond) before maturity," as the Court found in its August 12 Opinion and Order, or it can mean "[a] demand for the presentation of a security (esp[ecially] a bond) for redemption before maturity date," as plaintiff has urged. *Id.* (internal quotation marks omitted). At other times "call" can refer to a "right to redeem outstanding

bonds before their scheduled maturity." Dictionary of Finance and Investment Terms 89 (John Downes & Jordan Elliot Goodman, eds., 6th ed.2003). However, the precise meaning of "call" in a particular indenture depends on the context in which it is used.

In *Page Mill*, the issue was whether the indenture established a date prior to which the issuer was not permitted to notify bondholders of its intent to redeem the bonds. *Page Mill*, 2000 WL 335557, at *3. The indenture stated that the "bonds may be called for redemption at the option of the Issuer ... on any Payment Date on or after which ... the aggregate outstanding principal balance of the Bonds is no more than 10% of the aggregate initial principal amount of the Bonds." *Id.* (internal quotation marks omitted). Chief Judge Mukasey held that "[w]hen ... used as a verb *in this context*, 'call' means to 'make a request or demand,'" rather than to "notify," as the plaintiff had argued. *Id.* (emphasis added) (quoting Deluxe Black's Dictionary 204 (2d. ed.1990)). This interpretation of the term "call" was rooted in the indenture's specific language and syntax. In fact, the court noted that the indenture would be rendered incoherent if "to call for redemption" meant "to notify of a demand for redemption," as the plaintiff had urged: "[T]he subject of § 8 is '[t]he bonds,' and although bonds can be demanded for redemption by an issuer, they cannot be notified of such a demand." *Id.*

Similarly, this Court's decision on the meaning of "call" was not an abstract inquiry. The Court found that "there is no reasonable dispute regarding the use of 'call' in the Indenture *when viewed in context.*" *Aristocrat Leisure*, 2005 WL 1950116, at *5 (emphasis added). The Court based this determination on the specific language of the Indenture—language

which the court noted was "unambiguous." *Id.* Consequently, the Court finds that plaintiff has failed to establish the existence of substantial ground for a difference of opinion with respect to the meaning of "call."

### C. *Materially Advance the Ultimate Termination of the Litigation*

■ Finally, plaintiff has failed to demonstrate that interlocutory review of the Court's August 12 Opinion and Order is likely to advance materially the ultimate termination of this action. It is possible that interlocutory review may have the opposite effect, in fact. To begin with, the August 12 Opinion and Order rendered moot counterclaims asserted by the Bondholders for breach of the implied covenant of good faith and fair dealing. If the Court were to certify plaintiff's interlocutory appeal and plaintiff were to succeed on appeal before the Second Circuit, these counterclaims would be revived. In addition, the Bondholders have moved for summary judgment. If this motion is successful, this litigation will be terminated and Aristocrat may appeal the entire case to the Second Circuit.

### CONCLUSION

For the reasons set forth above, the Court hereby denies plaintiff's motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

**SO ORDERED.**