Robert G. MUNN, Plaintiff,

v.

KRAFT FOODS GLOBAL, INC., f/k/a
Kraft Foods North America, Inc.,
Defendant.

No. 3:05–CV–00026–CFB.

United States District Court,
S.D. Iowa,
Davenport Division.

Aug. 10, 2006.

Earl A. Payson, Davenport, IA, for Plaintiff.

Christian M. Poland, Bryan Cave LLP, Chicago, IL, Peter J. Thill, Betty Neuman & McMahon, Davenport, IA, for Defendant.

ORDER ON MOTION FOR SECTION 1292 CERTIFICATION OF ISSUE FOR IMMEDIATE APPEAL AND FOR A STAY

BREMER, United States Magistrate Judge.

The Court has before it Defendant's Motion for Section 1292 Certification of Issue for Immediate Appeal and for a Stay, in which Defendant also moves to postpone the trial and pretrial deadlines in this case, (Clerk's No. 49), filed on August 1, 2006. Plaintiff does not resist the Motion, and the Motion is fully submitted.

Plaintiff, Robert G. Munn, alleges his former employer, Defendant Kraft Foods Global, Inc., violated Iowa Code § 730.5 (2003) (the Act), which governs drug testing of employees in the private sector. Kraft fired Munn because he refused his supervisor's request to undergo drug testing following an accident that damaged property in the workplace.

Kraft filed a Motion for Summary Judgment, asserting that no genuine issues of material fact were in dispute and it was entitled to judgment as a matter of law on Munn's claim. On July 17, 2006, the Court filed an Order denying the Motion for Summary Judgment, on the basis that genuine issues of material fact remained in dispute regarding whether Kraft's compliance with the Act's notice requirements was sufficient to permit the company to require Munn to take a drug test solely because the property damage at issue was estimated to exceed $1,000, and to rely on his refusal to take the drug test as a basis to fire him.

■ Kraft seeks this Court's permission to immediately appeal the portion of the Court's July 17, 2006, Order in which the Court concluded as follows:

> [Munn] has generated genuine issues of material fact concerning whether Kraft provided him the Act's statutory protections, and accordingly whether Kraft substantially complied with the Act. Specifically, Munn has raised an inference that in discharging him, Kraft invoked its drug-testing policy without complying with the Act's requirement that the company give Munn its full written policy, including the provision Kraft invoked to request Munn to take a drug test.

Def.'s Unopposed Mot. Sec. 1292 Cert. Issue Immediate Appeal and Stay at 2 (citing Court's July 17, 2006, Order at 13) (alteration added).

Pursuant to 28 U.S.C. § 1292, a district court may grant an interlocutory appeal when it believes:

> such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . .

28 U.S.C. § 1292. The Eighth Circuit has cautioned, however, that, "A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir.1994).

■ To establish the first prong of § 1292, the Court must find that the issues sought to be appealed turn on a "controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292; *see also White*, 43 F.3d at 376 (quoting *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979)). A grant of summary judgment based on the presence or absence of material issues of fact generally does not involve a "controlling question of law." *See Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 676 (7th Cir.2000) (citing *S.B.L. by T.B. v. Evans*, 80 F.3d 307, 311 (8th Cir.1996)). As explained by Judge Posner in *Ahrenholz*:

> We think "question of law" as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact . . . . [I]f a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to

do so without having to wait till the end of the case .... But to decide whether summary judgment was properly [not] granted requires hunting through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there ....

*Ahrenholz*, 219 F.3d at 676–77 (internal citations omitted; alteration added).

In support of its argument that the issue it seeks to appeal turns on a controlling question of law as to which there is a substantial ground for difference of opinion, the only case Kraft cites is *Harrison v. Employment Appeal Board*, 659 N.W.2d 581, 586 (Iowa 2003), which concerns the issue of whether strict compliance or substantial compliance with the Act is required, an issue the Iowa Supreme Court has not yet decided. This issue, however, as stated above, is not the one that Kraft seeks to appeal. *See* Def.'s Unopposed Mot. Sec. 1292 Cert. Issue Immediate Appeal and Stay at 2. Even if Kraft were seeking to appeal the issue of whether strict compliance or substantial compliance with the Act is required, the Court believes that issue is not controlling in this case, as explained in the Court's July 17, 2006, Order. *See* July 17, 2006, Order at 10.

Appendix G of the Collective Bargaining Agreement at issue here stated, "Where there is probable cause to believe an employee's faculties are impaired on the job, the Company will require employees to undergo testing to determine the presence of drugs under any of the following conditions occurring on Company premises .... An employee's actions result in equipment or property damage." (Def.'s App. at 115.) In contrast, Kraft's employee drug test form authorized the company to require an employee to submit to a drug test without any probable cause to believe the employee's faculties were impaired on the job as

the result of taking drugs. (Def.'s App. at 223.) Kraft asserts that "through his familiarity with the language of Appendix G, Plaintiff would have believed that *any* workplace accident resulting in property or equipment damage could lead to a drug test request," and that his refusal to take a drug test could result in termination; therefore, Appendix G alone provided Munn notice sufficient to comply with the Act's notice requirements. (Def.'s Mem. Law Supp. at 9–10.)

As stated in its July 17, 2006, Order, in determining whether a factual dispute exists concerning the effectiveness of the notice given by Kraft, and therefore the adequacy of the company's compliance with the Act's requirements, the Court views Kraft's publication of its policy from the perspective of Munn, who was engaged in the process of deciding whether he should comply with his employer's request to take a drug test. *Cf. Arlington Central Sch. Dist. Bd. of Educ. v. Murphy*, —— U.S. ——, 126 S.Ct. 2455, 2459, 165 L.Ed.2d 526 (2006).

Whether Munn, as a lay person, would have believed, as Kraft contends, based solely on his knowledge of Appendix G—with its provision for a finding of probable cause to believe an employee's faculties were impaired on the job as the result of taking drugs—that Kraft could require him to take a drug test without regard to his fault, is among the genuine issues of material facts remaining in this case, as is the question of whether Kraft provided Munn sufficient notice.

This Court's conclusions did not result from its interpretation of unsettled legal issues. Rather, after studying the extensive evidentiary record before it, the Court applied existing Iowa law and concluded that Munn's factual evidence was sufficient as a matter of law to support his claim. *See* July 17, 2006, Order at 12–13. Based on Judge Posner's reasoning in *Ahrenholz*,

this Court concludes the issue sought to be appealed is not of the type contemplated under the first prong of § 1292.

The Court has not found that the issue Kraft seeks to appeal turns on a controlling question of law as to which there is substantial ground for difference of opinion, as required under § 1292. Accordingly, the Court **denies** Defendant's Motion for Section 1292 Certification of Issue for Immediate Appeal and or a Stay (Clerk's No. 49).

In light of the proximity of the date set for final pretrial conference and trial, the Court **grants** Defendant's unopposed motion to postpone the trial and pretrial deadlines in this case (Clerk's No. 49). Accordingly, the Court cancels the final pretrial conference set for September 5, 2006, and the jury trial set to begin on September 18, 2006. The parties are ordered to file a status report by September 5, 2006, as to their availability for trial.

The parties are reminded that they may contact the Hon. Ross A. Walters, telephone 515–284–6217, to discuss scheduling a settlement conference.

IT IS SO ORDERED.