HOLMES, Judge.
This is an appeal from the District Court of Houston County. The appeal comes directly from the district court to this court. The appeal is taken pursuant to Tit. 12-12-72[1] and the dispositive issue is whether third party practice pursuant to Rule 14, ARCP, is available in the district court.
We answer in the negative and reverse and remand.
The record reveals the following:
The plaintiff sued the defendant for work and labor done. The defendant, by way of a third party complaint, sued the appellant. The appellant moved the dismissal of the third party complaint. The appellant specifically stated to the trial court that third party practice was not available in the district court. The trial court denied this, motion and thereafter rendered judgment *27 against the appellant and in favor of the plaintiff. Hence, this appeal.
It is clear to this court that third party practice is not available in the district courts of this state. Rule 14, ARCP, is the rule of practice relating to third party practice. Rule 14(dc) states as follows: “Rule 14 does not apply in the district courts.” The committee comments following Rule 14 are as follows:
“The simplicity and the need for an abbreviated practice in the district courts lead to the conclusion that third party practice should not be available. Of course, nothing would preclude a defendant from bringing a separate action against a third party and moving, pursuant to Rule 42(dc), for consolidation for purposes of trial of the two actions.” We agree with the committee comments.
Additionally, we note Rule 7 of ARCP, dealing with pleadings and motions, specifically Rule 7(dc), “. . . references to third party complaint and third party answer are deleted.”; and Rule 41(dc), ARCP, where it is stated, “. . . and the reference to third party claim in Rule 41(c) is deleted.” These sections clearly reveal that third party practice is not intended to apply in the district courts.
The above is dispositive of this appeal. However, we note that in addition to the above, the appellant-third party defendant has questioned the trial court’s action in granting a judgment against third party defendant and in favor of the original plaintiff. Put another way, the appellant contends that the trial court erred in rendering a judgment in favor of plaintiff against the third party defendant when no claim by plaintiff was asserted against the third party defendant. Since we have held that third party practice is not available in the district court, this court need not address itself to this question. However, we would note for interested parties Rule 14(a), ARCP, and 6 Wright & Miller, Federal Practice & Procedure § 1459.
The case is due to be reversed and remanded for entry of judgment not inconsistent with this opinion.
REVERSED AND REMANDED FOR ENTRY OF JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P. J., and BRADLEY, J., concur.

. We would note that this direct appeal from the district court to this court is the first such appeal of this nature since the adoption of the procedure for direct appeal from the district court.