Frisbee sued Terry on a check. The District Court of Jefferson County entered a default judgment in favor of Frisbee. Some five months after the entry of judgment Terry filed a rule 60 (b), ARCP, motion to set aside the default judgment. The district court, after a hearing, denied the rule 60 (b) motion. Terry then appealed directly to this court
Frisbee filed a motion to dismiss the appeal, contending that Terry's appeal from the district court's denial of the rule 60 (b) motion does not lie in this court. We agree and find that this appeal is due to be dismissed
Section 12-12-71, Code of Ala. 1975, provides:
 Except as provided in section 12-12-72 and in subsection (e) of section 12-15-120, all appeals from final judgments of the district court shall be to the circuit court for trial de novo
The denial of a rule 60 (b) motion is a final, appealable order. Woods v. Hauser Realty Co., Ala.Civ.App., 366 So.2d 731
(1979); Wilger v. Dept. of Pensions Security, Ala.Civ.App.,343 So.2d 529 (1977). Therefore, we find that the denial of a rule 60 (b) motion by a district court is a final order or judgment which, pursuant to § 12-12-71, must on its face be appealed to the circuit court. See, Neal v. Wilson Lumber Co., Civ. 2492 (Ala.Civ.App., April 8, 1981)
However, § 12-12-71 provides two exceptions to the above rule. These exceptions are found in § 12-12-72, Code of Ala 1975, and § 12-15-120, Code of Ala. 1975. We find neither exception applicable to the instant case
Section 12-15-120 applies where the case was initially transferred from the district court to the circuit court. There was no transfer in this case
Section 12-12-72 provides:
 Appeals shall be directly to the appropriate appellate court if:
 (1) An adequate record or stipulation of facts is available and the right to a jury trial is waived by all parties entitled thereto; or
 (2) The parties stipulate that only questions of law are involved and the district court certifies the questions
Section 12-12-72 (1) is applicable in instances where the case is of such nature as to give the parties the right to a jury trial and neither party wishes to avail himself of that right on appeal to the circuit court. In such instances where an adequate record or stipulation of facts is available, the circuit court may be bypassed by a direct appeal to the appellate courts. However, in the instant case, neither party is entitled to a *Page 347 
jury trial. The granting or denial of a rule 60 (b) motion is a decision for the trial judge. Rule 60 (b), ARCP. Therefore, we find that this case does not fall within the exception provided by § 12-12-72 (1)
The exception found in § 12-12-72 (2) has two requirements: (1) the parties must stipulate that only questions of law are involved, and (2) the district court must certify those questions. In the instant case, there is neither a stipulation by the parties nor a certification of questions by the district court. Section 12-12-72 (2) is, therefore, inapplicable
For the reasons stated above, we find that this appeal does not lie in this court
The appeal is due to be dismissed
APPEAL DISMISSED
WRIGHT, P.J., and BRADLEY, J., concur