HOLMES, Judge.
The plaintiff sued the defendant on a promissory note.
The action was filed in the District Court of Walker County. Thereafter, a default judgement was entered. Several months later, defendant moved to set aside the previously entered default judgment. This motion was filed in the district court. The district court granted the motion to set aside and trial by the district court was had. The district court entered a judgment for defendant.
The plaintiff appeals directly to this court from the order of the district court granting defendant’s motion to set aside the default judgment.
The dispositive issue on appeal is whether, in this instance, the district court’s action in setting aside the default judgment may be appealed directly to this court. Stated differently, must the action of the district court, in this instance, be “appealed” to the circuit court.
This court has recently answered the dispositive issue in the case of Terry v. Frisbee, 404 So.2d 345 (Ala.Civ.App.1981). In Terry we held the denial of a motion to set aside a default judgment by the district court should be appealed to the circuit court; not this court. The facts of Terry and the instant case are the same except in Terry the motion was denied and in the instant case the motion was granted. This distinction in no way alters what was stated in Terry. In fact, the granting of the motion is mentioned in Terry.
We refer interested parties to Terry.
We would be remiss in not commenting that the granting of a motion to set aside a default judgment is generally interlocutory and not appealable. Fisher v. Bush, Ala., 377 So.2d 968 (1979), and eases cited therein. Such an order may, however, be reviewable on appeal after trial on the merits. 11 Wright & Miller, Federal Practice & Procedure: Civil § 2871.
This, as indicated above, is what transpired in the instant appeal.
For the reasons, as stated in Terry, supra, we find that this appeal does not lie in this court.
The appeal is due to be dismissed.
APPEAL DISMISSED.
WRIGHT, P. J., and BRADLEY, J., concur.