This is an appeal from an order of the trial court denying the defendant's motion to vacate a final judgment pursuant to Rule 60 (b)(4), Alabama Rules of Civil Procedure. We affirm.
The action involves a boundary line dispute. The plaintiffs filed suit on April 17, 1980, alleging that they and the defendant were coterminous property owners and that the defendant had trespassed and encroached on the plaintiffs' land and had begun construction of a building on plaintiffs' land. Defendant denied these allegations by answer filed on April 30, 1980.
On August 18, 1981, the trial court appointed a surveyor to determine the boundary line between the plaintiffs' and defendant's properties. The survey was conducted, and the report was submitted to the court on January 3, 1982. On September 27, 1982, the trial court entered its final decree approving the report and fixing the boundary line. The defendant was ordered to remove its encroachment upon the plaintiffs' land.
On November 24, the defendant filed its motion to vacate the judgment of September 27, 1982.
The basis of the defendant's motion to vacate the judgment was the failure of the plaintiffs to name the defendant's *Page 51 
mortgagee, City National Bank of Birmingham, as a party defendant. It alleged that City National was a necessary and indispensable party and, because the mortgagee bank was not made a party, the judgment of the trial court was void.
The court held a hearing on the motion to vacate and entered the following order, denying the same:
 "This action came on to be heard and considered by the Court on motion of the Defendant to vacate judgment pursuant to the provisions of Rule 60 (b)(4), A.R.C.P., said motion having been filed November 24, 1982.
 "The motion, after notice, was presented upon arguments of counsel and the real estate mortgage of the City National Bank of Birmingham.
 "As the ground of the said motion, the Defendant asserts that the City National Bank of Birmingham owns a mortgagee interest in Lot 3 involved here and has owned such interest since February 14, 1980. This action was commenced on April 17, 1980.
 "At all times, through numerous court hearings, at trial on the merits, and thereafter at the appointment of a surveyor by the Court, the Defendant asserted title to the property involved. Furthermore, title to the said Lot 3 was proven at trial to be in the Defendant without contradiction, controversy or suggestion of a mortgage.
 "Now, more than one year after the Court, by order, found the need to appoint an independent surveyor; more than ten (10) months after the surveyor's report was filed reporting the Defendant's encroachment; and fifty-eight (58) days after final judgment adjudicating the Defendant's encroachment, the Defendant, for the first time, defends on grounds that City National Bank owns a mortgage interest in the land involved.
 "The conduct of the Defendant in raising at this late date the mortgage interest of City National Bank when such interest appears to have been known at the outset and the further conduct of the Defendant at trial in respect to the title of the property is tantamount to fraud on the Plaintiff and the Court. The Defendant should not be heard to complain now and is judicially estopped from asserting the lack of a necessary party and the final judgment is void.
 "In making the foregoing ruling, the Court has carefully considered the opinion and decision in the case of Rollan v. Posey, (1961), 271 Ala. 640, 126 So.2d 464, and finds the factual circumstances there distinguished from the events here. The issues in Rollan were timely presented on appeal based upon evidence (a mortgage) introduced in evidence and before the Court at trial. Furthermore, the mortgage there was the mortgage of the plaintiff-appellee in a boundary line dispute and not of the defendant as in this case. Here, the time for appeal has run and it would be unjust and inequitable to permit the use of Rule 60 by the Defendant under the circumstances now presented as a substitute for appeal.
 "The City National Bank is not prejudiced by this ruling. There is no evidence or indication that the Bank was aware of this action prior to the date of this hearing but for reasons not known to the Court, a representative of the Bank was present and introduced to the Court at the time this motion was orally argued. Should the Bank feel its interest to have been prejudiced by its absence at trial, its rights can be fully protected by an independent action to set aside the judgment.
 "Upon consideration of the foregoing matters, the Court finds and concludes that the motion of the Defendant to vacate the final judgment entered in this action is due to be denied.
 "It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that the motion of the Defendant to vacate judgment is denied.
"DONE and ORDERED this 16th day of December, 1982."
 "/s/ William A. Thompson
"CIRCUIT JUDGE" *Page 52 
We agree that under the facts of this case the defendant's conduct has estopped it from raising the issue of its own mortgagee's nonjoinder for the first time by way of a post-judgment motion. The defendant did not raise the nonjoinder either by a Rule 12 (b)(7), ARCP, motion, which was available to it, or by Rule 21, ARCP, either of which would have been appropriate. Instead, it waited until the final judgment was entered and then beyond appeal time, knowing all the while that its own mortgagee was not joined. It then, for the first time, asserted that the judgment was void because the mortgagee bank was an indispensable party under ARCP Rule 19. That the mortgagee was not made a party does not, under these facts, compel the vacation of the final judgment. The failure to join an indispensable party does not compel the dismissal of the complaint in every instance. Wright and Miller, FederalPractice and Procedure, Civil, § 1611 (1972), notes that "[b]ecause the doctrine of indispensable parties is equitable in character, the court will not dismiss for nonjoinder when special circumstances would make it unequitable to do so."
The mortgagee bank was clearly a proper party and was also a necessary party under our rules, but it was not an indispensable party so that the court lacked subject matter jurisdiction to decide a boundary line dispute between these coterminous landowners.
Many courts have attempted to articulate the distinction between indispensable and merely necessary parties. Champ Lyons in his work, Alabama Practice, Rules of Civil Procedure (1973), collects the following cases under Rule 19, defining them thusly:
 "`Indispensable parties' are persons who not only have an interest in the controversy but an interest of such a nature that a final decree cannot be made without either affecting that interest or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. Bennie v. Pastor, C.A.N.M. 1968, 393 F.2d 1.
". . . .
 "`Necessary parties' are those affected by the judgment and against which in fact it will operate. West Coast Exploration Co. v. McKay, 1954, 93 U.S.App.D.C. 307, 213 F.2d 582, certiorari denied, 347 U.S. 989, 74 S.Ct. 850, 98 L.Ed. 1123."
1 Lyons, Alabama Practice, at 389.
As the trial court noted, should the bank feel its interests to have been prejudiced by its not having been made a party, it may assert any claims it has by an independent action.
There is no prescribed formula to be mechanically applied in every case to determine whether a party is an indispensable party or merely a proper or necessary one. This is a question to be decided in the context of the particular case. ProvidentTradesmens Bank Trust Co. v. Patterson, 390 U.S. 102,88 S.Ct. 733, 19 L.Ed.2d 936 (1968). The issue is one to be decided by applying equitable principles and, under the circumstances of this case, it would be inequitable to vacate this judgment on motion of the defendant, which has so blatantly ignored the rules under which its mortgagee bank could have so easily been made a party. We are in accord with the trial court's conclusion that, because of the conduct of the defendant here, Rollan v. Posey, supra, is distinguishable.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX and BEATTY, JJ., concur.
JONES, J., concurs specially.