868 So.2d 465 (2003)
M.C.
v.
L.J.H.
2011043.
Court of Civil Appeals of Alabama.
June 20, 2003.
*466 Regina Rose Hudson, Birmingham, for appellant.
William H. Pryor, Jr., atty. gen., and J. Coleman Campbell, deputy atty. gen., and Jennifer M. Bush, asst. atty. gen., Department of Human Resources, for appellee.
MURDOCK, Judge.
This is an appeal from the denial of a motion to set aside a paternity judgment.
Although the record before us is sparse, it indicates the following. On April 17, 1992, the State of Alabama, on behalf of L.J.H., filed a complaint in the Jefferson Juvenile Court requesting that M.C. be adjudicated the father of N.C.H. and that M.C. be ordered to pay child support. A hearing was held on May 27, 1992, and it appears from the record that M.C. denied paternity and requested paternity testing. That same day, the court entered an order that, among other things, directed the parties to submit to paternity testing and reset the case for trial on August 10, 1992.
M.C. did not appear for trial on August 10, 1992, and the court reset the case "for blood test and/or trial" on September 14, 1992. M.C. failed to appear for trial on September 14, 1992, and the State moved to amend the complaint and for a default judgment. The trial court entered an order that same day, stating, in pertinent part:
"Case being set for trial and [M.C.] failing to appear, State's motion to amend petition and application for default and final default judgment hereby granted. Petition hereby amended as follows, Defendant's name changed to [M.Coa., aka M.Col.]. Final default judgment hereby entered in favor of State of Al[abama] ex rel. [L.J.H.] against [M.Coa., aka M.Col.] See attached order."
The default judgment referenced in the above-quoted order found "[M.Coa., aka M.Col.]" to be the father of N.C.H. and ordered him to pay child support.
Nine years later, on October 5, 2001, L.J.H. filed a contempt petition against M.C., requesting that the court enter a judgment against M.C. for accrued childsupport arrearages, plus interest, and seeking the entry of an income-withholding order. On February 13, 2002, the juvenile court entered an order that stated: "M.C. pleads true to contempt. [M.C.] found in contempt. [M.C.] shall comply with all prior court orders. Case reset in 45 days. The clerk shall correct the defendant's name to [M.Col.]"
On March 25, 2002, M.C. filed multiple motions in open court pursuant to Rule 60(b), Ala. R. Civ. P. The court denied those motions on April 29, 2002. M.C. appealed the judgment of the juvenile *467 court on his Rule 60(b) motions to the circuit court. The circuit court entered an order on June 7, 2002, stating, in pertinent part:
"THIS MATTER being presented to the Court on Notice of Appeal from [Juvenile Court] (CS 92-000526), and upon due consideration, the Court is of the opinion that this cause should be transferred to the Court of Civil Appeals under the authority of Rule 28(D) of the Alabama Rules of Juvenile Procedure. Accordingly, it is therefore,
"ORDERED, ADJUDGED, AND DECREED by the Court:
"....
"2. That there was no evidentiary hearing below, the [Juvenile Court] simply ruling on Motion, without taking testimony. And, the Appellant shall prepare a statement of the proceedings from the best available means, including his recollection, pursuant to Rule 10(d) of the Alabama Rules of Appellate Procedure, or in the alternative, an agreed statement as to the record on appeal pursuant to Rule 10(e) of the Alabama Rules of Appellate Procedure."
The case was then transferred to this court.
M.C. argues on appeal that the juvenile court erred in denying his Rule 60(b) motion because, he claims, the 1992 judgment was void and because, he also claims, "rare circumstances" existed.
Although neither party has raised the issue of this court's jurisdiction over this appeal, we note that "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'" Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ. App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)).
M.C.'s Rule 60(b) motions were filed in the family court of Jefferson County and docketed with a "CS" number, which indicates a juvenile-court child-support matter. Ala.Code 1975, § 26-17-10(a); State ex rel. Provitt v. Coleman, 821 So.2d 1015, 1019 (Ala.Civ.App.2001). For this reason, this proceeding is governed by the Rules of Juvenile Procedure instead of the Rules of Civil Procedure. C.D.W. v. State ex rel. J.O.S., 852 So.2d 159 (Ala.Civ. App.2002); R.H. v. J.H., 778 So.2d 839 (Ala.Civ.App.2000).
Rule 28(A)(1), Ala. R. Juv. P., provides that an appeal from a final judgment entered by a juvenile court is reviewable by this court if:
"(a) A record certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto; or,
"(b) The parties stipulate that only questions of law are involved and the juvenile court certifies the questions."
Our review of the record reveals (1) that the juvenile court did not certify the record as adequate and there is no stipulation of facts or waiver of the right to a jury trial, and (2) that the parties did not stipulate that only questions of law are involved and there is no certification of questions of law by the juvenile court. Accordingly, because neither prong of Rule 28(A)(1) has been satisfied, this court does not have jurisdiction to consider M.C.'s appeal.[1]
In light of the foregoing, we conclude that the circuit court erred in transferring *468 the appeal to this court. Pursuant to Rule 28(D), Ala. R. Juv. P., we transfer the appeal back to the circuit court for a trial de novo.
APPEAL TRANSFERRED.
CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
YATES, P.J., concurs in the result.
YATES, Presiding Judge, concurring in the result.
I agree that this appeal should be transferred to the circuit court. "[T]he denial of a rule 60(b)[, Ala. R. Civ. P.,] motion by a district court is a final order or judgment which, pursuant to § 12-12-71, [Ala.Code 1975,] must on its face be appealed to the circuit court." Terry v. Frisbee, 404 So.2d 345, 346 (Ala.Civ.App.1981). Section 12-12-71 sets out two exceptions, § 12-12-72 and § 12-15-120, neither of which is applicable in the present case.
"Section 12-15-120 applies where the case was initially transferred from the district court to the circuit court. There was no transfer in this case.
"....
"Section 12-12-72(1) is applicable in instances where the case is of such nature as to give the parties the right to a jury trial and neither party wishes to avail himself of that right on appeal to the circuit court. In such instances where an adequate record or stipulation of facts is available, the circuit court may be bypassed by a direct appeal to the appellate courts. However, in the instant case, neither party is entitled to a jury trial. The granting or denial of a rule 60(b) motion is a decision for the trial judge. Rule 60(b), [Ala. R. Civ. P.] Therefore, we find that this case does not fall within the exception provided by § 12-12-72(1).
"The exception found in § 12-12-72(2) has two requirements: (1) the parties must stipulate that only questions of law are involved, and (2) the district court must certify those questions. In the instant case, there is neither a stipulation by the parties nor a certification of questions by the district court. Section 12-12-72(2) is, therefore, inapplicable."
Terry, 404 So.2d at 346-47.
NOTES
[1] The "Comment to Amendment Effective November 15, 1985" to Rule 28 explains that the purpose of Rule 28 is to reconcile the provisions of Ala.Code 1975, § 12-15-120 (and § 12-11-30(3)) with the provisions of § 12-12-72, the two statutes upon which Presiding Judge Yates bases her special writing concurring in the result.