YATES, Presiding Judge,
concurring in the result.
I agree that this appeal should be transferred to the circuit court. “[T]he denial of a rule 60(b)[, Ala. R. Civ. P.,] motion by a district court is a final order or judgment which, pursuant to § 12-12-71, [Ala.Code 1975,] must on its face be appealed to the circuit court.” Terry v. Frisbee, 404 So.2d 345, 346 (Ala.Civ.App.1981). Section 12-12-71 sets out two exceptions, § 12-12-72 and § 12-15-120, neither of which is applicable in the present case.
“Section 12-15-120 applies where the case was initially transferred from the district court to the circuit court. There was no transfer in this case.
[[Image here]]
“Section 12-12-72(1) is applicable in instances where the case is of such nature as to give the parties the right to a jury trial and neither party wishes to avail himself of that right on appeal to the circuit court. In such instances where an adequate record or stipulation of facts is available, the circuit court may be bypassed by a direct appeal to the appellate courts. However, in the instant case, neither party is entitled to a jury trial. The granting or denial of a rule 60(b) motion is a decision for the trial judge. Rule 60(b), [Ala. R. Civ. P.] Therefore, we find that this case does not fall within the exception provided by § 12-12-72(1).
“The exception found in § 12-12-72(2) has two requirements: (1) the parties must stipulate that only questions of law are involved, and (2) the district court must certify those questions. In the instant case, there is neither a stipulation by the parties nor a certification of questions by the district court. Section 12-12-72(2) is, therefore, inapplicable.”
Terry, 404 So.2d at 346^47.