Khristina Carey filed a civil action in the Jefferson District Court naming "Food World" as the defendant;[1] in her complaint, Carey sought an award of $10,000 on the basis that she allegedly had been injured as a result of the defendant's negligence in maintaining its business premises. The district court's case-action-summary sheet indicates that the defendant was served on March 3, 2006, by an authorized means. Because the defendant did not respond to the complaint within 14 days, Carey filed a motion for a default judgment. On October 27, 2006, the district court entered a default judgment in favor of Carey and awarded damages in the amount of $10,000 and costs. No post-judgment motion pursuant to Rules 55(c) and 55(dc), Ala. R. Civ. P., was filed within 14 days seeking to set aside that default judgment, and no appeal was taken within 14 days of the entry of that judgment (see Ala. Code 1975, § 12-12-70(a), which specifies a 14-day period within which one may appeal from a judgment of a district court in a civil action).
On December 14, 2006, the defendant filed a motion for relief from the default judgment, citing subsections (1) and (4) of Rule 60(b), Ala. R. Civ. P., as authority. The defendant alleged, among other things, that the summons and complaint in the action had been directed to a store operated by the defendant in Hoover, where it had been accepted by a store bookkeeper who mistakenly failed to inform the defendant's corporate officers *Page 406 
about the pendency of the action. The defendant collaterally attacked the default judgment as being void on the basis that service allegedly had not been properly perfected under Rule 4(c)(6), Ala. R. Civ. P., so as to confer in personam jurisdiction over the defendant, and it alternatively asserted the existence of "mistake, surprise, or excusable neglect" contributing to the default judgment as a basis for relief. Carey filed a response in opposition to the defendant's motion, asserting that the judgment was not void for lack of proper service, that relief was not warranted based upon a claimed mistake, and that she would be prejudiced if the requested relief were granted.
The district court entered an order on December 27, 2006, denying the defendant's motion for relief from the default judgment, from which the defendant filed a timely notice of appeal on January 9, 2007, to this court. The denial of a Rule 60(b) motion seeking relief from a final judgment is, under Alabama law, itself a final judgment that will independently support an appeal. See Wilger v. Departmentof Pensions Sec, 343 So.2d 529, 532
(Ala.Civ.App. 1977) (noting that such an order is final and appealable and brings up for review "`the matters pertinent thereto'" although it does not bring up for review the underlying judgment on the merits). The pertinent question is: In which forum is the defendant's appeal properly to be heard?
In Terry v. Frisbee, 404 So.2d 345
(Ala.Civ.App. 1981), we noted that an appeal from an order of a district court denying relief under Rule 60(b) should generally be brought in the appropriate circuit court for de novo review:
"Section 12-12-71, Code of Ala.1975, provides:
 "`Except as provided in section 12-12-72 and in subsection (e) of section 12-15-120, all appeals from final judgments of the district court shall be to the circuit court for trial de novo.'
 "The denial of a [R]ule 60(b) motion is a final, appealable order. Therefore, we find that the denial of a [R]ule 60(b) motion by a district court is a final order or judgment which, pursuant to § 12-12-71, must on its face be appealed to the circuit court."
404 So.2d at 346 (citations omitted). Based upon the facts presented in Frisbee, we discussed and rejected the limited exceptions to circuit-court review included within § 12-12-72:
 "Section 12-12-72 provides:
 "`Appeals shall be directly to the appropriate appellate court if:
 "`(1) An adequate record or stipulation of facts is available and the right to a jury trial is waived by all parties entitled thereto; or
 "`(2) The parties stipulate that only questions of law are involved and the district court certifies the questions.'
 "Section 12-12-72(1) is applicable in instances where the case is of such nature as to give the parties the right to a jury trial and neither party wishes to avail himself of that right on appeal to the circuit court. In such instances where an adequate record or stipulation of facts is available, the circuit court may be bypassed by a direct appeal to the appellate courts. However, in the instant case, neither party is entitled to a jury trial. The granting or denial of a [R]ule 60(b) motion is a decision for the trial judge. Rule 60(b), [Ala. R. Civ. P.] Therefore, we find that this case does not fall within the exception provided by § 12-12-72(1).
 "The exception found in § 12-12-72(2) has two requirements: (1) the parties *Page 407 
must stipulate that only questions of law are involved, and (2) the district court must certify those questions. In the instant case, there is neither a stipulation by the parties nor a certification of questions by the district court. Section 12-12-72(2) is, therefore, inapplicable."
404 So.2d at 346-47.
In this case, as in Frisbee, the appeal clearly does not fall within the exception set forth in subsection (1) of § 12-12-72. However, unlike in Frisbee, we have for consideration two documents filed in the district court on the same day as the notice of appeal. The first of those documents is a "stipulation" entered into by the parties of the following issues that are labeled "questions of law": "(1) whether the [district] court was correct in denying the [defendant's Rule 60(b)(4) motion; (2) whether the [district] court was correct in denying the [defendant's Rule 60(b)(1) motion; and (3) whether service of process upon the [defendant was proper, and thus perfected."[2] The second document is a "Certification of Question of Law" in which the district court "granted and certified" the parties' "stipulation" and "ordered, adjudged, decreed and certified that only questions of law will pertain to an appeal of the . . . case."
The district court itself stated no questions of law in its "certification" document so as to comply with § 12-12-72(2). Moreover, even were we to accept the issues listed in the parties' "stipulation" as having been adopted by reference by the district court in its "certification" document, all of those issues taken together would not support the proposition that "only questions of law are involved" within the scope of § 12-12-72(2). For example, it is well settled that "[t]he denial of a Rule 60(b)(1) motion is a matter within the trial court's discretion and is subject to review only upon an abuse of that discretion."Rhodes v. Ellis, 594 So.2d 1232, 1233 (Ala.Civ.App. 1991) (emphasis added). Appellate review of the correctness of the district court's ruling as to that aspect of the defendant's motion seeking relief under Rule 60(b)(1) would necessarily involve assessing whether the district court acted within its discretion based upon the facts of the particular case concerning the timeliness of the motion and the existence of a "mistake, . . . surprise, or excusable neglect."
We note that in the federal-court system, in an analogous situation, a trial court may, pursuant to28 U.S.C. § 1292(b), certify an order for discretionary appellate review when the order, among other things, "involves a controllingquestion of law as to which there is substantial ground for difference of opinion" (emphasis added). Construing § 1292(b) in Ahrenholz v. Board of Trustees of theUniv. of Illinois, 219 F.3d 674 (7th Cir. 2000), Chief Judge Richard A. Posner wrote that the term "question of law" "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine. . . . in much the same way a lay person might [refer] to a `pure' question of law rather than merely to an issue that might be free from a factual contest." 219 F.3d at 676-77. Judge Posner opined that such appeals, which present an "abstract legal issue" and are properly certified under § 1292(b), were to be contrasted with appeals that "merely [present] an issue that might be free from a factual contest," such as those requiring an appellate court "to decide whether summary *Page 408 
judgment was properly granted [by] hunting through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there." 219 F.3d at 677. The United States Court of Appeals for the Eleventh Circuit is in accord with those views. SeeMcFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1258 (11th Cir. 2004) (quoting Ahrenholz).
In this case, there may well be matters of law to be considered in addressing the issues to which the parties have stipulated. However, whether the district court erred in denying the defendant's motion for relief from the judgment is not a matter that can properly be considered an abstract "question of law" similar to those questions we have heard in appeals properly taken under § 12-12-72(2), such as whether, under Rule 14(dc), Ala. R. Civ. P., as originally promulgated, "third party practice . . . [wa]s available in the district court" (O'Donnell v. Blackmon Constr. Realty, Inc.,354 So.2d 26, 26 (Ala.Civ.App. 1978)), or whether a district court could "issue a writ of restitution or possession" under former §§ 6-6-351 through 6-6-357, Ala. Code 1975, during the pendency of an appeal to the circuit court from an unlawful-detainer judgment (Cullman Ctr. Assocs., Ltd. v.Harbison, 514 So.2d 1040, 1040 (Ala.Civ.App. 1987)).Accord First Alabama Bank of Montgomery, N.A v.Martin, 381 So.2d 32, 35 (Ala. 1980) (holding that order that lawsuit could proceed as a class action did not pose a "`controlling question of law'" under Rule 5, Ala. R.App. P., permitting interlocutory review by the Alabama Supreme Court).
Because the appeal taken by the defendant from the district court's denial of relief from the default judgment satisfies neither of the alternatives specified in § 12-12-72, Ala. Code 1975, this court lacks jurisdiction to hear the appeal. The appeal is, therefore, due to be transferred to the Jefferson Circuit Court for disposition. For the possible benefit of the circuit court and the parties, however, we would reiterate that the sole question properly presented by the defendant's appeal is whether the district court's decision to deny the defendant's motion for relief from the default judgment under Rule 60(b), Ala. R. Civ. P., was correct.See Alabama Power Co. v. Thompson, 250 Ala. 7, 12,32 So.2d 795, 800 (1947) (noting that "`[t]he effect of an appeal where there is a trial de novo in the appellate court is to vacate the decision appealed from until the appeal is disposed of" (emphasis added)); Neal v. Wilson LumberCo., 410 So.2d 404, 406 (Ala.Civ.App. 1981) ("The valid issues to be decided by the circuit court consisted entirely of those matters raised by defendant's [Rule] 60(b) motion" that had been filed in the district court), aff'd,410 So.2d 407 (Ala. 1982). Accordingly, the fourth sentence of Rule 13(j), Ala. R. Civ. P., which permits a plaintiff to "claim and recover the full amount of [the plaintiffs] claim even though the amount might exceed the jurisdiction of the [district] court" when a defendant appeals from a judgment entered by a district court, has no field of operation in this appeal because there is no substantive "claim" at issue.
APPEAL TRANSFERRED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
BRYAN and MOORE, JJ., concur in the result, without writing.
[1] In its motion to set aside a default judgment, the defendant asserts that "Food World" is a subsidiary of Bruno's Supermarkets, Inc; the defendant further asserts that Bruno's Supermarkets, Inc., is a subsidiary of Bi Lo, LLC.
[2] That "stipulation" further stated that Carey "does not agree that an appeal is proper pursuant to Ala. Code § 12-12-72" and "does not agree that jurisdiction of this appeal lies with the Alabama Court of Civil Appeals." *Page 409