PITTMAN, Judge.
JPMorgan Chase Bank, N.A. (“Chase”), appealed to the Supreme Court of Alabama from the denial of its motion, filed pursuant to Rule 60(b), Ala. R. Civ. P., for relief from a judgment of the Russell Circuit Court entered in favor of Margaret Bradshaw and Pamela Ann Hagler on April 5, 2011. The supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975. We reverse and remand.
On November 23, 2010, Kathy Kane, acting pro se, filed a complaint in the Russell District Court, alleging that Bradshaw and Hagler were wrongfully occupying a dwelling located on Kathleen Circle in Phenix City — property that, Kane asserted, she had purchased from Deborah A. Skiles and Brisbin M. Skiles on June 29, 2009. Hagler, also acting pro se, filed an answer, denying the material allegations of the complaint and asserting that the Kathleen Circle property had been the home she had shared with her husband, Brisbin Skiles, and their two minor children since 1998; that Kane was her husband’s girlfriend; and that a court had awarded the Kathleen Circle property to Hagler and her children on January 16, 2009. Following a hearing, the district court dismissed the complaint. Kane appealed to the Russell Circuit Court for a trial de novo.
In the circuit court, Kane, Hagler, and Bradshaw proceeded pro se. Bradshaw moved to dismiss Kane’s complaint, attaching a January 16, 2009, order that had been entered in a protection-from-abuse proceeding that Hagler had instituted *164 against Brisbin Skiles in the Russell Family Court. The family court’s 2009 order had determined, among other things, that Hagler and Brisbin Skiles had lived together with their two minor children at the Kathleen Circle property for 12 years and that the children were dependent because Hagler was in jail and Skiles was living in Florida. The family court had awarded custody of the children to Hagler; had ordered Skiles to pay child support; had placed the children with Bradshaw while Hagler was incarcerated; had “awarded [Hagler] exclusive possession of the [Kathleen Circle property] for her use and the use of the minor children until further orders of the court”; and had set the case for further review after the completion of home studies.
The circuit court denied Bradshaw’s motion to dismiss and conducted a bench trial on April 4, 2011. At that trial, Kane presented a warranty deed, dated June 29, 2009, from Brisbin M. Skiles, a single man, and Deborah A. Skiles, a single woman (who was apparently a former wife of Bris-bin Skiles), conveying the Kathleen Circle property to her. She also presented an instrument evidencing her mortgage of the property to Amerisave Mortgage Corporation (“Amerisave”). The circuit court admitted those documents, and the following occurred:
“THE COURT: All right. Now, have you been making all your payments?
“MS. KANE: Yes.
“THE COURT: And you make your payments to whom?
“MS. KANE: To Chase.
“THE COURT: And this is the mortgage?
“MS. KANE: Correct. And I have a letter from Chase showing that I’ve paid since August 2009, and I’m presently still paying. This just is activity through June of 2010. I just asked them to print out all my payments up to that point.
“THE COURT: Okay. Now, have you been making payments since then, as well?
“MS. KANE: Yes, I am, and I’m up to date on my payments.
“THE COURT: All right.”
The court then asked Hagler “how [she] claimed possessory rights to the [Kathleen Circle] property.” Hagler asserted that she and Brisbin Skiles had lived together for 13 years, that she had filed a complaint for a divorce from Skiles but that no divorce judgment had been rendered, and that the Russell Family Court had awarded her possession of the Kathleen Circle property. The circuit court reviewed the January 16, 2009, family-court order and stated that Hagler had received only “temporary possession” of the property “until further orders of the court” — not a “final property settlement.” The following then occurred:
“THE COURT: Let me ask Ms. Hagler a question, please, because this whole thing boils down to one issue. Were you, indeed, at one time common law married tó Mr. Skiles?
“MS. HAGLER: Yes, sir.
“THE COURT: And that’s the issue.
“MS. HAGLER: Yes, sir.
“THE COURT: And [the Russell Family Court judge] made a finding of fact that y’all had' lived together [on] Kathleen Circle. He further made a finding of fact, I think you had been together, didn’t I see somewhere in here, for 12 years?
“MS. HAGLER: Yes, sir.
“THE COURT: When did y’all start living together?
“MS. HAGLER: In ’98.”
*165 After questioning Hagler, the circuit court announced its ruling from the bench:
“If, indeed, and it appears here that [the Russell Family Court judge] found that [Hagler and Skiles] were living together ... which means that they were common law, the only way to sever that relationship is with a divorce. Consequently, [Hagler] had homestead rights. Mr. Skiles ... did not have the power to transfer [the Kathleen Circle] property without Ms. Hagler’s signature. Now, [Ms. Kane,] you’ve got a fraudulent transfer to you is my ruling here, so you may want to get you an attorney and see what you’re going to do about it. But based on what I have in front of me, I’m going to have to rule for the defendants in this case, Ms. Bradshaw and Ms. Ha-gler. All right. You have 42 days to appeal. Thank you.”
On April 5, 2011, the circuit court entered a judgment in favor of Hagler and Bradshaw that contained no findings of fact or conclusions of law. Acting pro se, Kane appealed to this court from that judgment. We affirmed the judgment on January 6, 2012, without issuing an opinion. See Kane v. Bradshaw (No. 2100702, January 6, 2012), — So.3d-(Ala.Civ.App.2012) (table). On March 6, 2012, Chase sought, and this court granted, leave to file a Rule 60(b) motion in the circuit court; such a motion was necessary because Kane’s appeal (ease no. 2100702) was still pending in this court on Kane’s application for rehearing. See Rule 60(b) (“Leave to make the motion need not be obtained from any appellate court except during such time as an appeal from the judgment is actually pending before such court.”). After this court overruled Kane’s application for rehearing, Kane sought cer-tiorari review in the Supreme Court of Alabama. The supreme court denied the petition for the writ of certiorari on May 11, 2012, and this court issued its certificate of judgment the same day.
On March 7, 2012, Chase filed a Rule 60(b) motion, seeking to set aside the circuit court’s April 5, 2011, judgment and to be joined as an indispensable party to the action. Chase asserted that it was the servicing agent for the successor in interest to Amerisave, from whom, it alleged, Kane had borrowed $88,250 to purchase the Kathleen Circle property and in favor of whom, it alleged, Kane had executed a promissory note and mortgage. Chase also asserted that it had first learned of the circuit court’s April 5, 2011, judgment on November 25, 2011, when its legal department had received a copy of the brief of the appellees, Hagler and Bradshaw, in case no. 2100702.[1]
Chase alleged that, initially, it had been advised by counsel that, because the judgment summarily dismissing Kane’s claims had not addressed the validity of Kane’s deed or Kane’s title to the mortgaged property, its mortgage interest in the property would not be affected by the judgment. Chase asserted that it had sought a second opinion from other counsel, who had reviewed the transcript of the circuit-court proceedings underlying the appeal in case no. 2100702 and had concluded that the circuit court’s ruling from the bench implicated the validity of Kane’s title to the property and, thus, directly affected Chase’s mortgage interest in the property. Chase attached to its motion a transcript of the underlying proceedings in case no. 2100702; the warranty deed to Kane dated June 29, 2009; the note and mortgage that Kane had executed in favor of Amerisave bn the same date; and the *166 affidavit of Chase’s vice president, Thomas E. Reardon. On March 23, 2012, the circuit court summarily denied Chase’s motion without a hearing.
On appeal, Chase argues that the circuit court erred in denying its Rule 60(b) motion because, it says, the April 5, 2011, judgment is void for failure to join it as an indispensable party pursuant to Rule 19(a), Ala. R. Civ. P. Kane filed an appellate brief in support of Chase’s position. Ha-gler and Bradshaw have not favored this court with a brief.
“Rule 60(b), Ala. R. Civ. P., provides that a trial court may relieve a party from a final judgment or order for certain reasons, including that the order is ‘void.’ See Rule 60(b)(4), Ala. R. Civ. P. The denial of a Rule 60(b) motion is appealable, see Food World v. Carey, 980 So.2d 404, 406 (Ala.Civ.App.2007), but an appeal from such a denial presents for review only the propriety of that denial; thus, when a motion for relief, such as that filed in this case, attacks an order as being void, the controlling inquiry may be stated as follows: ‘If the judgment is void, it is to be set aside; if it is valid, it must stand.’ Smith v. Clark, 468 So.2d 138, 141 (Ala.1985).”
Palisades Collection, LLC v. Delaney, 29 So.3d 885, 886 (Ala.Civ.App.2009) (footnote omitted).
Alabama appellate courts have on several occasions addressed the issue whether the nonjoinder of a mortgagee in an action relating to real property dictates that a judgment affecting the mortgagee’s interest in the property be set aside as void. In Rollan v. Posey, 271 Ala. 640, 126 So.2d 464 (1961), our supreme court held that the failure to have joined a mortgagee in a boundary-line dispute between adjoining landowners required reversal of the judgment. The mortgage had been admitted in evidence at trial but no party had sought to join the mortgagee. The court stated:
“The general rule in a court of equity is that all persons having a material interest, legal or equitable, in the subject matter of a suit, must be made parties, either as plaintiffs or defendants. The rule proceeds on the principle that no man’s rights should be controverted in a court of justice unless he has full opportunity to appear and vindicate them; and further, that complete justice may be done and future litigation avoided, the performance of the decree being safe, because of the presence in court of all parties who have an interest in its subject matter. The general rule further is that if a bill is defective for the want of proper parties, advantage should be taken of the defect by plea, demurrer, or answer, and if not so taken, the objection is waived. The rule is subject to the exception that if a cause cannot be properly disposed of, on the merits, without the presence of the absent parties, the objection may be made at the hearing, or on error, it may be taken by the court ex mero motu.”
271 Ala. at 645, 126 So.2d at 468-69.
In J.R. McClenney & Son, Inc. v. Reimer, 435 So.2d 50 (Ala.1983), our supreme court held that a defendant was “estopped ... from raising [by way of Rule 60(b)(4), after the time for appeal had expired,] the issue of its own mortgagee’s nonjoinder,” id. at 52, in a boundary-line dispute because, at trial, the defendant, who had been aware of the mortgagee’s status from the outset of the litigation, had established his title to the property “ ‘without ... suggestion of a mortgage.’ ” Id. at 51 (quoting trial court’s order). The court stated:
“That the mortgagee was not made a party does not, under these facts, com *167 pel the vacation of the final judgment. The failure to join an indispensable party does not compel the dismissal of the complaint in every instance. Wright and Miller, Federal Practice and Procedure, Civil, § 1611 (1972), notes that ‘[bjeeause the doctrine of indispensable parties is equitable in character, the court will not dismiss for nonjoinder when special circumstances would make it unequitable to do so.’ ”
Id. at 52. The court continued:
“There is no prescribed formula to be mechanically applied in every case to determine whether a party is an indispensable party or merely a proper or necessary one. This is a question to be decided in the context of the particular case. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). The issue is one to be decided by applying equitable principles and, under the circumstances of this case, it would be inequitable to vacate this judgment on motion of the defendant, which has so blatantly ignored the rules under which its mortgagee bank could have so easily been made a party.”

Id.

In Frander & Frander, Inc. v. Griffen, 457 So.2d 375 (Ala.1984), residents of a subdivision sought injunctive relief against mortgagors, alleging that the mortgagors had violated a restrictive covenant by assembling a manufactured home on their lot. The trial court issued the injunction and the mortgagors appealed, arguing that the failure to have joined their mortgagee as an indispensable party rendered the trial court’s judgment void. Our supreme court disagreed, first explaining the difference between an indispensable party and a necessary party as follows:
“ ‘Indispensable parties’ are persons who not only have an interest in the controversy but an interest of such a nature that a final decree cannot be made without either affecting that interest or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience.
[[Image here]]
“ ‘Necessary parties’ are those affected by the judgment and against which in fact it will operate.”
457 So.2d at 377 (quoting 1 Champ Lyons, Alabama Practice, Rules of Civil Procedure, at 389 (1973) (citations omitted)). The court concluded:
“We are unable to see how [the mortgagee] could be called an indispensable party in this instance. Even though not a party to the action, [the mortgagee’s] interests have been protected by the mortgagors ... since they are seeking the same result as [the mortgagee]. This would not make [the mortgagee] an indispensable party, but rather, at most, a necessary party, and thus an equitable judgment could be entered affecting [the mortgagee].”
Id. See also Hun Es Tu Malade? No. 16, LLC v. Tucker, 963 So.2d 55, 69 (Ala.2006) (citing Frander and holding that the mortgagee was not an indispensable party because the mortgagors were “present in [the] action to protect the mortgagee’s interests”).
The present case is like Rollan, supra, and unlike Reimer, supra, by virtue of the fact that Kane’s note and mortgage were admitted in evidence at trial. Not only was the circuit court made aware of the mortgage, but it also questioned Kane regarding her history of payments to Chase. Nevertheless, the circuit court did not, ex mero motu, order that Chase be joined, and none of the parties moved to join Chase. We attribute the parties’ failure to *168 seek Chase’s joinder to the fact that they were proceeding pro se, and we believe that, for that reason, the decisions in Frander, supra, and Tucker, supra — holding that the mortgagees in those cases were not indispensable parties because their interests had been protected by the mortgagors — are of limited applicability. To hold that Kane had protected the interests of Chase under the circumstances of this case would be to engage in the very action that our supreme court disavowed in Reimer: using a “prescribed formula to be mechanically applied in every case to determine whether a party is an indispensable party or merely a proper or necessary one.” 435 So.2d at 52. Instead, our task is to determine, in the context of this particular case, whether Chase was “an indispensable party or merely a proper or necessary one.” Id.
The circuit court’s conclusion that Kane’s deed was the product of a fraudulent conveyance affected Chase’s interest in the mortgage to such a degree that the circuit court’s judgment was “ “wholly inconsistent with equity and good conscience.’ ” Frander, 457 So.2d at 377 (quoting Lyons, Alabama Practice, Rules of Civil Procedure, at 389 (1973)). Before the rendition of that judgment, Chase had no notice or opportunity to defend its mortgage interest. It appears that even Hagler and Bradshaw, who have not favored this court with a brief on this appeal, recognized that the judgment dramatically affected Chase’s mortgage interest, because in the prior appeal they argued: “The mortgage that Kathy A. Kane has with Chase Mortgage against the property is fraudulent and the property should be removed as collateral against this mortgage....”
Based on the foregoing authorities, we conclude that it would be inequitable not to reverse the circuit court’s judgment denying Chase’s Rule 60(b) motion because Kane’s action against Hagler and Bradshaw could not “be properly disposed of, on the merits, without the presence of [Chase].” Rollan, 271 Ala. at 645, 126 So.2d at 469. Under the circumstances of this case, Chase was, therefore, an indispensable party, and the circuit court erred in denying its Rule 60(b) motion. We reverse the circuit court’s March 23, 2012, judgment and instruct the circuit court on remand to vacate its April 5, 2011, judgment and to make Chase a party to Kane’s action against Hagler and Bradshaw.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. The appellees' brief in case no. 2100702 contains a certificate of service dated October 26, 2011, to "Chase Mortgage” at an address in Columbus, Ohio.-